IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

AU OPTRONICS CORPORATION,

Plaintiff,

v.                                              Civil Action No. 07-C-0137-S

LG.PHILIPS LCD CO., LTD. and
LG.PHILIPS LCD AMERICA,

Defendants.

---

**LG.PHILIPS LCD AMERICA'S MEMORANDUM IN
SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION AND IMPROPER VENUE**

---

Pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(3), defendant LG.Philips LCD America

("LPLA") respectfully submits this memorandum in support of its motion to dismiss for lack of

personal jurisdiction and improper venue.[1]

## I.      INTRODUCTION

This case is an outgrowth of pending litigation between the parties. In December 2006,

LG.Philips LCD Co., Ltd. ("LPL") filed a complaint alleging patent infringement against AU

Optronics Corporation ("AUO") and other defendants in the United States District Court for the

District of Delaware. *See* LG.Philips LCD Co., Ltd. v. Chi Mei Optoelectronics Corporation et

al., Civ. No. 1:06-cv-726-JJF, filed December 1, 2006. LPL's patents asserted in Delaware are

directed to the design and manufacture of liquid crystal display ("LCD") modules such as are

---

[1] The present motion to dismiss for lack of personal jurisdiction and improper venue is filed on behalf of
LPLA. With respect to LPL, pursuant to Fed. R. Civ. P. 4(d), Plaintiff requested waiver of service. In accordance
with that rule, LPL waived service. Pursuant to Fed. R. Civ. P. 4(d)(3), LPL's response is due on or before June 11,
2007.

used in portable computers, computer monitors and televisions. AUO requested additional time to answer the Delaware Complaint, and LPL agreed to AUO's requested extension. Only after obtaining LPL's consent to extend its time to respond to the complaint in Delaware did AUO file the present action in Wisconsin against LPL and LPLA. The patents asserted by AUO are also directed to LCD modules.

By instituting a new case instead of filing counterclaims in Delaware, AUO is forum shopping. In its haste to gain a tactical advantage, rather than deal with the merits of its claim in an appropriate forum, AUO overlooked the fact that its filing in Wisconsin is fundamentally flawed because this Court lacks personal jurisdiction over LPLA and venue in Wisconsin is improper. Indeed, tellingly, AUO does not allege that LPLA has carried out activities in Wisconsin or caused injuries in this state. In short, other than a bald assertion of jurisdiction, AUO's complaint fails to identify any basis for personal jurisdiction under the Wisconsin long-arm statute. LPLA does not have sufficient contacts with this forum for personal jurisdiction and venue under Rule 12.

The defect is not merely a matter of pleading. Even were AUO to amend its complaint, this Court would still lack personal jurisdiction over LPLA, and venue would remain improper in this Court. LPLA does not have any offices, facilities, employees, management or registration to do business in Wisconsin. Nor does LPLA manufacture, use, sell or offer to sell any products in Wisconsin. Thus, as a matter of fact as well as pleading, this Court lacks personal jurisdiction over LPLA. Similarly, venue is improper. Accordingly, LPLA respectfully requests that all claims against it be dismissed under Fed. R. Civ. P. 12(b)(2) and 12(b)(3).

## II.    STATEMENT OF FACTS

Defendant LPLA is a U.S. Corporation organized under the laws of the State of California, with its principal place of business in San Jose, California. (Han Declaration,

attached.) LPLA has offices in California, Texas, North Carolina and Illinois, but does not have an office or employees in Wisconsin. (Han Declaration, ¶¶ 3, 10, 12.) LPLA does not manufacture LCD modules, but instead sells to customers located in states other than Wisconsin. (Han Declaration, ¶ 4.)

LPLA has no business connections or other presence within Wisconsin. (Han Declaration, ¶¶ 5-15.) LPLA is not registered to do business in Wisconsin, nor does LPLA advertise, make, use, sell or offer to sell any products or services in Wisconsin. (Han Declaration, ¶ 5, 8, 9.)

Since January 1, 2004, LPLA has made shipments of LCD modules and parts to various locations in the United States. (Han Declaration, ¶ 18.) LPLA made no shipments whatsoever to Wisconsin in 2004, 2005 or 2007. *Id.* LPLA made a single shipment, in 2006, to Wisconsin. *Id.* The value of this single shipment was $2,100, which equates to only 0.0004% of LPLA's total U.S. shipments since January 1, 2004. *Id.*

LPLA's single shipment to Wisconsin in 2006 was a "drop shipment" of 15 LCD modules sold to its customer All American Semiconductor, Inc. ("All American") in Fremont, California. (Han Declaration, ¶ 19.) The drop shipment was made, at the direction of All American, to a third party in Hartford, Wisconsin. *Id.* Because the shipment was made F.O.B. San Jose, California, All American took title to the LCD modules in California before they were shipped to Wisconsin. *Id.* Consequently, the complete transaction, *i.e.*, sale and delivery, between LPLA and All American occurred in California. *Id.* LPLA sent the final invoice to All American at its Miami corporate headquarters. *Id.*

The other Defendant in this matter is LPL. Defendant LPL is a corporation organized under the laws of the Republic of Korea, having its principal place of business in Seoul, Korea.

LPL designs, develops, manufactures and produces LCD modules, which are a type of flat panel display that are incorporated into portable computers, computer monitors and flat panel televisions. On December 1, 2006, LPL filed in United States District Court for the District of Delaware a suit against AUO and five other defendants seeking injunctive and monetary relief for infringement of three LPL patents. The technology at issue in that case involves the design and manufacture of LCD modules.

AUO is a Taiwanese corporation, having its principal place of business at 1, Li-Hsin Rd. 2, Hsinchu Science Park, Hsinchu Taiwan, ROC. (Complaint ¶ 1.) AUO manufactures LCD products in Taiwan and China. AUO filed the present action against LPL and LPLA alleging infringement of three patents. (Complaint ¶¶ 9, 12, 15.) The technology at issue in the asserted patents also involves the design and manufacture of LCD modules.

## III.   ARGUMENT

### A.   There is No Personal Jurisdiction Over LPLA in Wisconsin.

As this Court just explained in another case, personal jurisdiction over a nonresident defendant in a patent infringement suit may be asserted only if the plaintiff can show (1) that the defendant is amenable to jurisdiction under the Wisconsin long-arm statute and (2) that the assertion of jurisdiction will not offend the minimum contacts requirement of the Due Process Clause. *Zipher Ltd. v. Markem Corp.*, No. 06-C-745-S, 2007 U.S. Dist. LEXIS 19477 at *7 (W.D. Wis., Mar. 16, 2007) (Shabaz, J.) (citing *Hildebrand v. Steck Mfg. Co., Inc.*, 279 F.3d 1351, 1354 (Fed. Cir. 2002)).

The establishment of personal jurisdiction under Wisconsin's long-arm statute is required before proceeding to a due process analysis. *Versatile Plastics, Inc. v. Sknowbest! Inc.*, 247 F. Supp. 2d 1098, 1101 (E.D. Wis. 2003). Even though this case will be decided under federal patent law, a federal court in a patent case must determine whether an applicable state "long-

-4-

arm" statute provides for personal jurisdiction. *Graphic Controls Corp. v. Utah Medial Products, Inc.*, 149 F.3d 1382, 1385 (Fed. Cir. 1998).

The due process clause of the U.S. Constitution requires that the defendant have "certain minimum contacts with [the state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotes omitted). With respect to patent disputes in federal district courts, due process considerations in the personal jurisdiction analysis are controlled by Federal Circuit precedent. *HollyAnne Corp. v. TFT, Inc.*, 199 F.3d 1304, 1306 (Fed. Cir. 1999).

### 1.    AUO Cannot Establish Jurisdiction Over LPLA Pursuant to the Wisconsin Long-Arm Statute.

AUO has the burden of demonstrating the existence of personal jurisdiction under Wisconsin's long-arm statute. *See Versatile Plastics*, 247 F. Supp. 2d at 1101. AUO, however, has not made even a *prima facia* showing, and in fact has failed to assert <u>any</u> basis for personal jurisdiction over LPLA under Wisconsin's long-arm statute. (*See* Compl. ¶ 5.) Like the plaintiff's silence in *Versatile Plastics* as to "what, if any, provision of Wisconsin's long-arm statute permits the assertion of jurisdiction," AUO's silence on this issue is fatal for jurisdiction. Indeed, the facts do not support the assertion of jurisdiction over LPLA under *any* provision of Wisconsin's jurisdictional statute. *Cf. Versatile Plastics at* 1101.

Jurisdiction is plainly not appropriate under the "Local Presence or Status" provision of Wisconsin's jurisdictional statute. Under that provision, a non-resident defendant has a sufficient presence within Wisconsin for personal jurisdiction purposes only if that defendant is "engaged in <u>substantial and not isolated activities</u> within the state, whether such activities are wholly interstate, intrastate, or otherwise." Wis. Stat. § 801.05(1)(d) (emphasis added). LPLA does not meet these requirements. It is incorporated in California and has offices in states other

than Wisconsin. (Han Declaration, ¶¶ 2-3.) In fact, LPLA has no facilities or employees in Wisconsin. (Han Declaration, ¶¶ 10, 12.) It is not registered to do business in Wisconsin and has not advertised in Wisconsin. (Han Declaration, ¶ 8-9.) AUO cannot meet its jurisdictional burden because LPLA has not engaged in activities within Wisconsin, let alone "substantial and not isolated activities." As such, LPLA has no Wisconsin presence on which the plaintiff can base its assertion of personal jurisdiction.

Nor can AUO establish jurisdiction under the "Local Injury; Foreign Act" provision of the Wisconsin jurisdictional statute. That provision permits the exercise of personal jurisdiction only if the defendant either (a) conducts solicitation or service activities in Wisconsin, or (b) goods "processed, serviced or manufactured" by the defendant are used or consumed in Wisconsin. Wis. Stat. § 801.05(4). Neither condition pertains here. Both federal and state courts have held that this provision requires more than an isolated shipment to Wisconsin. *McPhee v. Simonds Saw and Steel Co.*, 294 F. Supp. 779, 782-83 (W.D. Wis. 1969) (holding that this provision of the long-arm statute requires that at the time of the injury more than one item processed, serviced or manufactured by the defendant, was used or consumed within Wisconsin); *Schmitz v. Hunter Mach. Co.*, 89 Wis.2d 388, 399-400, 279 N.W.2d 172, 177 (Wis. 1979) (noting that the Supreme Court of Wisconsin has approved the construction of the venue statute given by the federal district court in *McPhee*).

Here, AUO fails to allege any injury to any person or thing in Wisconsin from an LPLA act in or out of Wisconsin. (See Compl.) Without any operations or employees in Wisconsin (Han Declaration, ¶¶ 3, 7-10, 12), LPLA's limited connection to Wisconsin is a single drop shipment that represents an inconsequential four ten-thousandths of one percent (0.0004%) of the products LPLA shipped within the United States since January 1, 2004. (Han Declaration, ¶18.)

-6-

Further, that sales transaction was completed in California and shipped, at the request of LPLA's

customer, All American, to a third party in the Eastern District of Wisconsin, after title to the

goods had passed from LPLA to All American in California.

This lone shipment to the Eastern District of Wisconsin is insufficient for purposes of

asserting personal jurisdiction over LPLA in the Western District of Wisconsin under

§ 801.05(4). *C.f. McPhee*, 294 F. Supp. at 782-83. In any case, the shipment is not relevant to a

proper analysis under section 801.05(4) because the sale was actually made in California and not

Wisconsin. *C.f. Zipher* at *7-8. And it bears repeating that the requirement of a local presence

under section 801.05(1)(d) cannot be satisfied by this isolated and insubstantial shipment.

In sum, Plaintiff cannot carry its burden of establishing jurisdiction over LPLA under the

Wisconsin long-arm statute.

### 2.    AUO Cannot Establish Jurisdiction Over LPLA Consistent with the Requirements of Due Process.

LPLA also lacks the necessary "minimum contacts" with Wisconsin to satisfy the

requirements of the Due Process Clause. Due process requires that a defendant have "certain

minimum contacts with [the state] such that the maintenance of the suit does not offend

'traditional notions of fair play and substantial justice.'" *Int'l Shoe*, 326 U.S. at 316 (internal

quotes omitted). Under the minimum contacts test, a defendant may be subject to either general

or specific jurisdiction. General jurisdiction may be exercised when the plaintiff can establish

that the defendant maintained "continuous and systemic" business contacts in the forum state at

the time of injury. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 416

(1994). Specific jurisdiction exists only "when a State exercises personal jurisdiction over a

defendant in a suit arising out of or related to the defendant's contacts with the forum." *Id.* at

414 n.8.

a.      **There is No Basis for the Exercise of General Jurisdiction.**

AUO has not alleged that LPLA has engaged in the "continuous and systemic" contacts with Wisconsin necessary to establish general jurisdiction, nor do the facts permit AUO to make such an allegation.   Recognizing the steep standard for proving general jurisdiction, one district court recently explained in a patent case that:

> it is clear from the relative scarcity of cases permitting the assertion of general personal jurisdiction over a nonresident corporation that the standard for imposing general jurisdiction is high.

*Reynolds v. Reynolds Holdings, Inc. et. al. v. Data Supplies, Inc.*, 301 F. Supp. 2d 545, 550 (E.D. Va. 2004).  In *Reynolds*, the Court found general jurisdiction did not exist over the defendant that was registered to do business in the forum state, made 0.4% of its sales in the forum state, and had continuing relationships with dealerships in the forum state.  *Id*. at 552.  LPLA's contacts with Wisconsin are even more insignificant than those held insufficient to support personal jurisdiction over the defendant in *Reynolds*.

Similarly, this Court found it "doubtful" that having three employees within Wisconsin, at least one Wisconsin customer that makes repeat product purchases, and a website accessible from Wisconsin would be sufficient to satisfy Due Process requirements. *Zipher* at *9-10. Here, LPLA has no employees or any operation at all in Wisconsin. (Han Declaration, ¶¶ 4, 12.)  In addition, unlike the fifty printers shipped to five Wisconsin customers in the *Zipher* case, here LPLA merely drop shipped to Wisconsin a single shipment in which LPLA sold and transferred title in California. (Han Declaration, ¶ 19.)

On these facts, LPLA should not be found to have engaged in "continuous and systemic" contacts in Wisconsin to support general jurisdiction.

**b.**     **There is No Basis for the Exercise of Specific Jurisdiction.**

AUO has also failed to allege that its claims against LPLA arise out of any contact LPLA had with Wisconsin. The Federal Circuit has recognized a three-part test for determining when specific jurisdiction exists: "(1) whether the defendant purposefully directed its activities at the residents of the forum; (2) whether the claim arises out of or is related to those activities, and (3) whether assertion of personal jurisdiction is reasonable and fair." *HollyAnne*, 199 F.3d at 1307-08.

All of these elements weigh decisively against the plaintiff's attempt to assert jurisdiction over LPLA. The first prong cannot be satisfied because AUO has not alleged that LPLA has purposely directed any activities toward Wisconsin residents, nor would the facts allow AUO to make such an argument. Again, LPLA has no business operations or other presence in Wisconsin, nor does it advertise its products in Wisconsin. (Han Declaration, ¶ 8-12.) The single shipment of LPLA products to Wisconsin is not enough to satisfy due process requirements. LPLA shipped the product F.O.B. San Jose, California. Consequently, LPLA's customer took title to the product <u>before</u> it left California and entered Wisconsin. Therefore, LPLA did not avail itself of the privilege of selling its product in Wisconsin. *Kohler Co. v. Titon Industries, Inc.*, No. 95-C-548, 1996 WL 780509, *6 (E.D. Wis. July 17, 1996) (holding that when a manufacturer ships a product F.O.B. warehouse with title transferring to a distributor before the product entered Wisconsin, the manufacturer does not avail itself of the privilege of selling in Wisconsin for personal jurisdiction purposes).

To satisfy the second prong in a patent infringement case, AUO would have to allege that LPLA, "'without authority makes, uses, offers to sell or sells any patented invention'" in Wisconsin. *HollyAnne*, 199 F.3d at 1308 (quoting 35 U.S.C. 271(a) (1994)). AUO fails to make

such an allegation and the facts cannot support such an allegation. LPLA simply has not made, used, offered to sell or sold any products in Wisconsin. (Han Declaration, ¶¶ 5, 8.)

Third, this Court's exercise of personal jurisdiction over LPLA would "offend traditional notions of fair play," and thus would violate the Due Process Clause. *See Int'l Shoe*, 326 U.S. at 316. As this Court has explained, the most important factors to consider under this standard are the "(1) interests of the state involved; and (2) the relative convenience of litigating in that forum." *Consumer Prods. Research & Design, Inc. v. Jensen*, No. 06-C-625-S, 2007 WL 765237, *5 (W.D. Wis. March 9, 2007) (Shabaz J.). Here, Wisconsin has no interest in this litigation. Neither party is from Wisconsin and there is already a case, filed prior to this action, pending in Delaware where all of these issues concerning infringement may be effectively resolved in one forum. This Court's reputation for speed and efficiency could be eroded if it began using its resources for cases such as this where no nexus with Wisconsin exists.

Furthermore, this forum is not convenient to any party. LPLA is a California based company with no offices, employees or agents in Wisconsin. (Han Declaration, ¶¶ 2, 3, 12.) The inventors of the asserted patents are believed to reside in Japan or Taiwan but certainly not in Wisconsin. The Plaintiff, AUO, and Co-Defendant, LPL, are both foreign corporations with no presence in Wisconsin. AUO's decision to file new claims in a district with no nexus to the claims at issue and where none of the parties resides or has any presence at all is nothing but forum shopping.

In sum, specific jurisdiction in Wisconsin consistent with the Constitutional requirements of due process should not be asserted over LPLA and the action against LPLA should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

**B.      Venue Is Improper In Wisconsin For LPLA.**

This Court has recently advised that the venue requirement is even "<u>more</u> <u>restrictive</u> than

the personal jurisdiction requirement." *Zipher* at *6-7 (emphasis added).  Under § 1400(b),

venue in a patent infringement suit may lie "in the judicial district where the defendant resides,

or where the defendant has committed acts of infringement and has a regular and established

place of business." *Id.* (citing 28 U.S.C. § 1400(b)).  As discussed above, LPLA does not have a

regular and established place of business in Wisconsin, nor has LPLA made any infringing sales

in Wisconsin.  (Han Declaration, ¶ 5, 10.)  Therefore, venue is proper only if LPLA "is 'deemed'

to reside in the Western District." *Zipher* at *6.

As this Court further explained, "'[r]esidence for purposes of venue is governed by 28

U.S.C. § 1391(c)," which provides:

> For purposes of venue under this chapter, a defendant that is a corporation shall
> be deemed to reside in any judicial district in which it is subject to personal
> jurisdiction at the time the action is commenced. In a State which has more than
> one judicial district and in which a defendant that is a corporation is subject to
> personal jurisdiction at the time an action is commenced, such corporation shall
> be deemed to reside in any district in that State within which its contacts would be
> sufficient to subject it to personal jurisdiction if that district were a separate State,
> and, if there is no such district, the corporation shall be deemed to reside in the
> district within which it has the most significant contacts.

*Zipher* at *6 (citing 28 U.S.C. § 1391(c)).  Therefore, "venue could only be proper in the

Western District if [LPLA's] contacts with the Western District are such that, if the district itself

were a state, personal jurisdiction would be satisfied." *Id.* at *7; *see also Van's Supply & Equip.,*

*Inc. v. Echo, Inc.,* 711 F. Supp. 497, 500 (W.D. Wis. 1989) (explaining that "a corporation doing

business in one district but not incorporated or licensed to do business in the state is suable only

in the district in which it does business").

Here, LPLA's single drop shipment to a third party for the benefit of LPLA's customer as

described earlier, was to Hartford, Wisconsin, a city that lies in the <u>Eastern</u>, not Western District

of Wisconsin. Plaintiff has not and cannot allege any connection between LPLA and the Western District of Wisconsin. Because LPLA has no contacts whatsoever with the Western District, personal jurisdiction over LPLA would not be available if the Western District were itself a state. For the same reason, venue is improper under § 1391(b)(1), which also requires "residence" in the forum district.

Section 1391(b)(2), which provides that personal jurisdiction may be in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred," is inapplicable for similar reasons. LPLA has not committed any "events or omissions [in the Western District of Wisconsin] giving rise to" the claim asserted by AUO, let alone a "substantial part" of such events. As noted earlier, the single, isolated shipment by LPLA into Wisconsin occurred in the Eastern, not Western District of Wisconsin.

Finally, because this action could have been brought in another judicial district where LPLA resides, § 1391(b)(3), which provides for venue if there is no other district where the action may have been brought, is also inapplicable.

For these reasons, venue is improper under §§ 1391 and 1400(b), and the Court should also dismiss the complaint against LPLA pursuant to Fed. R. Civ. P. 12(b)(3).

## IV.    CONCLUSION

For the foregoing reasons, the Court should dismiss all of Plaintiff's claims against Defendant LG.Philips LCD America.

Dated: March 29, 2007

Respectfully submitted,

GODFREY & KAHN, S.C.

Brady C. Williamson
James D. Peterson
Godfrey & Kahn, S.C.
One East Main Street
Madison, Wisconsin 53701
Tel: (608) 257-3911
Fax: (608) 257-0609

*Of Counsel*

Gaspare J. Bono
R. Tyler Goodwyn
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
Tel: (202) 496-7500
Fax: (202) 496-7756
*Pro Hac Vice* applications pending

*Counsel for Defendant LG.Philips LCD America*