27

DOC NO
REC'D/FILED

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN  2: 00

THERESA M. OWENS
CLERK US DIST COURT
WD OF WI

| | | |
|---|---|---|
| AU Optronics Corporation, | ) | |
| | ) | |
| *Plaintiff,* | ) | Civil Action No.: 07-C-0137-S |
| | ) | |
| vs. | ) | |
| | ) | Judge John C. Shabaz |
| LG.Philips LCD Co., Ltd. | ) | |
| and | ) | |
| LG.Philips LCD America, | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |
| | ) | |

## PLAINTIFF'S OPPOSITION TO LG.PHILIPS LCD AMERICA'S MOTION TO
## DISMISS FOR LACK OF PERSONAL JURISDICTION
## AND IMPROPER VENUE

**TABLE OF CONTENTS**

Page

I.      INTRODUCTION ................................................................................................... 1

II.     STATEMENT OF FACTS .................................................................................... 2

        A.      The Accused Liquid Crystal Display Modules. ........................................ 2

        B.      LPLA Is LPL's Wholly Owned Subsidiary Responsible For Sales In The
                United States. ............................................................................................ 3

        C.      LPL And LPLA Regularly Sell Infringing Modules Through Wisconsin
                Retailers. ................................................................................................... 3

        D.      LPL And LPLA Sell Infringing LCD Modules In Wisconsin Through Their
                Authorized Wisconsin Distributor, Synergistic. ...................................... 4

        E.      LPLA Admits To Directly Selling Into Wisconsin Through All-American........... 5

III.    ARGUMENT ......................................................................................................... 6

        A.      Standard. ................................................................................................... 6

        B.      This Court Has Personal Jurisdiction Over LPLA. ................................... 6

                1.      LPLA Satisfies The Requirements Of The Wisconsin Long Arm
                        Statute. ...................................................................................... 6

                2.      LPLA Satisfies The Requirements Of The Due Process Clause, And
                        The Court Has Specific Jurisdiction Over LPLA. .................. 10

                        a.      LPLA Purposefully Directed Its Activities At This Forum By
                                Placing Accused Modules Into The Stream Of Commerce With
                                Intent And Knowledge That They Would Be Sold In The
                                Forum. ................................................................ 11

                        b.      LPLA's Infringement "Arises Out Of Or Is Related To" Its
                                Activities Directed At The Forum. ................................ 12

                3.      Exercise Of Jurisdiction Does Not Offend Fair Play Or Substantial
                        Justice. ...................................................................................... 13

        C.      The Fact That The Accused LCD Modules Are Sold As Components For
                Larger Systems Is Irrelevant .................................................................. 13

        D.      Venue Is Proper In This District. ............................................................ 15

        E.      AUO's Complaint Meets The Fed. R. Civ. P. 8 Standards...................... 16

        F.      In The Alternative, AUO Requests An Opportunity For Jurisdictional
                Discovery And An Evidentiary Hearing................................................. 17

IV.     CONCLUSION ..................................................................................................... 18

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558 (Fed. Cir. 1994) ...............6, 9, 11, 12, 13

*Burger King Corp. v. Holder*, 844 F.Supp. 1528 (S.D. Fla. 1993)................................................17

*Commissariat L'Energie Atomique v. Chi Mei Optoelectronics Corp.*, 395 F.3d 1315 (Fed. Cir. 2005)...........................................................................................14, 15, 18

*Cornice Techs., Inc. v. Affinity Dental Prods., Inc.*, No. 04-cv-1133, 2005 WL 1712124 (D.Colo. 2005 July 21, 2005)................................................................................8

*Donnelly Corp. v. Reitter & Schefenacker GmbH & Co.*, 189 F.Supp.2d 696 (W.D. Mich. 2002)................................................................................................................14

*Electronics for Imaging, Inc. v. Coyle*, 340 F.3d 1344 (Fed. Cir. 2003) ........................................6

*HollyAnne Corp. v. TFT, Inc.*, 199 F.3d 1304 (Fed. Cir. 1999) ....................................................11

*Jacobs Chuck Mfg. Co. v. Shandong Weida Machinery Co., Ltd.*, No. 2:05-cv-185, 2005 WL 3299718 (E.D. Tex. Dec. 2, 2005).............................................................14

*K.W. Muth Co., Inc. v. Gentex Corp.*, No. 06-C-378-C, 2006 WL 2772828 (W.D.Wis. Sep. 22, 2006)......................................................................................................7

*Kernius v. International Electronics, Inc.*, 433 F.Supp.2d 621 (D. Md. 2006) .............................11

*McPhee v. Simonds Saw and Steel Co.*, 294 F. Supp. 779 (W.D. Wis. 1969).......................8, 9, 10

*Motorola Inc. v. PC-Tel, Inc.*, 58 F.Supp.2d 349 (D. Del. 1999) ...................................................14

*Nelson by Carson v. Park Indus., Inc.*, 717 F.2d 1120 (7th Cir. 1983) ..................................6, 9, 10

*North American Philips Corp. v. American Vending Sales, Inc.*, 35 F.3d 1576 (Fed. Cir. 1994)................................................................................................................8, 12

*Stickland v. Trion Group, Inc.*, 463 F.Supp.2d 921 (E.D. Wis. 2006)...........................................17

*Stirling Homex Corp. v. Homasote Co.*, 437 F.2d 87 (2d Cir. 1971) ............................................16

*VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574 (Fed. Cir. 1990).....................15

*Versatile Plastics, Inc. v. Sknowbest! Inc.*, 247 F.Supp.2d 1098 (E.D. Wis. 2003) ......................17

*Viam Corp. v. Iowa Export-Import Trading Co.*, 84 F.3d 424 (Fed. Cir. 1996) ...........................12

*Walker v. Concoby*, 79 F.Supp.2d 827 (N.D. Ohio 1999) ............................................................17

*Zipher Ltd. v. Markem Corp.*, No. 06-C-745-S, 2007 WL 840514 (W.D. Wis.
    Mar. 16, 2007)............................................................................................................................15

## STATUTES

28 U.S.C. § 1391.........................................................................................................................15, 16

28 U.S.C. § 1400.........................................................................................................................15, 16

35 U.S.C. § 271..............................................................................................................................7, 16

Wis. Stat. § 801.05(1) ...........................................................................................................7, 8, 9, 10

## RULES

FED. R. CIV. P. 8..............................................................................................................................17

FED. R. CIV. P. 15............................................................................................................................17

NOW COMES the Plaintiff, AU Optronics Corporation ("AUO") by and through its counsel, James R. Troupis of Michael Best & Friedrich, LLP and Wilson Sonsini, Goodrich and Rosati, and respectfully submits this Opposition.[1]

## I.    INTRODUCTION

LG.Philips LCD America ("LPLA") argues that this case should be dismissed because supposedly, it "lacks sufficient contacts" with this district for the exercise of personal jurisdiction, and venue is improper. Neither argument is sound.

Under the Wisconsin long arm statute and applicable federal law, LPLA clearly has "sufficient contacts" with this district for the exercise of personal jurisdiction. As explained in detail below, LPLA has directly sold and shipped Liquid Crystal Display ("LCD") modules into Wisconsin. AUO accuses these same modules of infringement. LPLA has representatives who are charged with the responsibility of distributing accused modules in Wisconsin. On its website, LPLA promotes these representatives and advertises the availability of the accused modules in Wisconsin. The LPLA website also tells every citizen of Wisconsin where and how they can buy the accused modules in Wisconsin.

Additionally, the accused modules are incorporated into finished LCD products (such as LCD TVs and computer monitors) that are sold throughout this district at major retail stores such as Best Buy and Circuit City. LPLA knew, or at the very least should have known, that its many actions directed to Wisconsin would subject it to personal jurisdiction in this district.

LPLA's arguments seeking dismissal based on venue fare no better. Venue is proper if either (1) LPLA's contacts with this district are sufficient to meet the personal jurisdiction requirements of Wisconsin, or (2) a substantial part of the events giving rise

---

[1]    AUO has filed with this Opposition a Declaration of David Panneck ("Panneck") and a Declaration of Michael Lestina ("Lestina"). Each of those Declarations is hereby incorporated in full, along with all other matters of record.

1

to an AUO infringement claim, or a substantial part of the property affected by the infringement claim, reside in this district. Both of these tests are satisfied here.

First, as discussed above, personal jurisdiction is proper because of LPLA's distribution of the accused modules in this district. Second, substantial events relating to LPLA's infringement, as well as substantial property affected by the infringement, reside in this district. For example, through its website, LPLA has offered for sale the accused LCD modules in this district, and an offer to sell is an act of infringement. In addition, the accused modules are incorporated into LCD products that are widely sold by retailers throughout this district. Thus, the outcome of this case could have a substantial affect on property in this district because retailers in this district have inventories of products containing the accused LCD modules.

Accordingly, AUO respectfully requests that the Court deny LPLA's motion to dismiss.

## II. STATEMENT OF FACTS

### A. The Accused Liquid Crystal Display Modules.

The "LCD module" is a critical part of LCD display devices such as LCD TVs, computer monitors and cell phone screens. Panneck Ex. B. The module contains the liquid crystal material and associated circuitry for creating the image on an LCD display screen. Panneck Ex. C. Companies like LG Electronics, Apple, Dell, and Hewlett Packard buy LCD modules from suppliers like LPLA and have those modules incorporated into their finished, branded products such as TVs and computer monitors. Panneck Ex. D.

The accused LCD modules in this case are manufactured by defendant LG.Philips LCD Co., Ltd. ("LPL"), and are sold both by LPL and LPLA. Complaint at ¶¶ 9-17. These accused modules are included in a variety of TV and other LCD display

2

products sold by a number of different companies. Panneck Ex. D. For example, prior
to filing this case, AUO determined that accused modules are incorporated into 19" and
20" computer monitors and in a 32" TV, all of which are branded by LG Electronics.[2]
LG Electronics owns 38% of LPL and LPLA. Panneck Ex. E.

### B.     LPLA Is LPL's Wholly Owned Subsidiary Responsible For Sales In The United States.

LPL has set up several wholly owned subsidiaries, each of which is responsible
for selling LCD modules into a certain geographic region. Panneck Ex. E. LPLA was
incorporated in the United States "to sell the TFT-LCD products" of LPL. *Id.* LPLA
admits shipping "LCD modules and parts to various locations in the United States."
LPLA's Memorandum in Support of Its Motion to Dismiss ("LPLA Brief") at 3.

### C.     LPL And LPLA Regularly Sell Infringing Modules Through Wisconsin Retailers.

Computer monitors and televisions containing the accused modules are sold
throughout Wisconsin and, specifically, in this district through major retail outlets such
as Circuit City and Best Buy. Prior to filing suit, AUO purchased a 32" TV and a 20"
computer monitor from Circuit City and Best Buy in Madison, Wisconsin. Lestina, ¶¶
2-3, 5-6. Each of these products included an accused LCD module. In addition, prior to
filing suit, AUO ordered a 19" LCD computer monitor from www.radioshack.com for
delivery to Madison. Lestina, ¶ 4. This monitor also has an accused LCD module.

In addition to Circuit City and Best Buy, many other retail outlets throughout
this district stock products for sale that incorporate the accused LCD modules.

---

[2]     These LG Electronics products are model numbers LG L1952TX, LG204WT,
and LG 32LCD2DU. The corresponding model numbers for the accused LCD modules
contained in the foregoing products are LM190E08, LM201WE4, and LC320W01.

3

Panneck, ¶¶ 2-7 . A chart setting forth some of the outlets in this district carrying the accused LCD modules is attached as Exhibit A to the Panneck Declaration.

Given LPLA's incorporated purpose is "to sell LCD products" in the United States, the fact that there are past and ongoing sales of numerous products containing LPLA's infringing modules at retail outlets in this Wisconsin district is certainly known to LPLA. Moreover, many of the locally sold products containing accused LCD modules are branded in the name of LG Electronics, which owns 38% of LPLA. Panneck Ex. E. Indeed, the LG Electronics website contains a "Where to Buy" feature which informs consumers that TVs and monitors incorporating the accused LCD modules can be purchased at seven retailers within five miles of this Court's zip code and at more than 100 Wisconsin retailers within 100 miles of the Court's zip code. Panneck Ex. F.

## D.    LPL And LPLA Sell Infringing LCD Modules In Wisconsin Through Their Authorized Wisconsin Distributor, Synergistic.

Although claiming to have "no business connections" with Wisconsin (LPLA Brief at 3), LPLA failed to inform this Court that it has an authorized agent who is assigned the task of distributing the accused modules for LPLA in Wisconsin. This undeniable fact is fatal to LPLA's motion.

More specifically, LPL and LPLA share a web site that advertises and offers customer support and advice for LCD modules, including those that are accused in this case. [3] Panneck Exs. G-J. The web site confirms that LPLA's sales territory is "USA,

---

[3]    The web site is found at www.lgphilips-lcd.com. The opening page bears the LPL logo and attributes the web site's copyright to "LG.Philips LCD CO., Ltd." (i.e., LPL). Upon clicking the links for "Sales Network" and "America," the web site shows that LG.Philips LCD America, Inc. (i.e., LPLA) is responsible for the "Central Zone" of "USA, Canada, and Mexico." The contact information for LPLA indicates that LPLA's

Canada and Mexico." Panneck Ex. G. The web site then explicitly informs potential customers that LPL and LPLA have a "Representative" named "Synergistic" responsible for the "Illinois, Wisconsin, and Minnesota" territories. Panneck Ex. L.

The web site of Synergistic Sales, Inc., in turn, confirms the statements on LPLA's own web site, namely that Synergistic serves "Illinois, Wisconsin, and Minnesota" on behalf of LPL and LPLA. Panneck Ex. M. Indeed, the Synergistic web site even provides a link to the LPL/LPLA web site under its list of manufacturers that Synergistic represents. Panneck Ex. N. Synergistic also has an office in Wisconsin[4] and employs sales people in Wisconsin. Panneck Ex. O, P.

## E. LPLA Admits To Directly Selling Into Wisconsin Through All-American.

In its brief, LPLA admits that it has shipped LCD modules, model number LB121S03, directly to Wisconsin for its customer, All-American Semiconductor, Inc. LPLA Brief at 3; Han Declaration, Ex. 1. This module infringes one or more of AUO's patents. For example, AUO believes that the LB121S03 module infringes at least claim one of AUO's U.S. Patent No. 6,689,629.

Although LPLA tries to downplay the significance of this direct shipment, LPLA is conspicuously silent regarding how many additional LCD modules it has *indirectly* sold in Wisconsin through All-American (or others). According to All-American's web site, it offers for sale many additional LCD modules accused of

---

web site address, the "URL," is www.lgphilips-lcd.com. Thus, LPLA's web site address is identical to LPL's web site address.

[4]    Synergistic also has offices in Glendale Heights, Illinois and Maple Plain, Minnesota. Panneck Ex. O. LPLA's motion is silent as to how many modules it shipped to these offices with the intent or expectation that Synergistic distribute the modules to Wisconsin customers.

5

infringement, including for example, model number LC320W01. Panneck Ex. Q. All-American has a sales office in Milwaukee, Wisconsin. Panneck Ex. R.

## III.   ARGUMENT

### A.   Standard.

To prevail on this motion to dismiss, AUO only has the burden of making a prima facie case for personal jurisdiction. *See, e.g., Electronics for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1349 (Fed. Cir. 2003) (reversing dismissal based on jurisdiction). "[T]he party asserting jurisdiction is entitled to the resolution in its favor of all disputes concerning relevant facts presented in the record." *Nelson by Carson v. Park Indus., Inc.*, 717 F.2d 1120, 1123 (7th Cir. 1983) (personal jurisdiction under Wisconsin long arm statute was proper where Hong Kong entities placed tortious shirts into stream of commerce so shirts reached Wisconsin).

The Court should consider facts arising both before and after the date of the complaint because patent infringement is a continuous tort. *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1563 (Fed. Cir. 1994).

### B.   This Court Has Personal Jurisdiction Over LPLA.

LPLA argues that this Court does not have personal jurisdiction over LPLA because (1) it is not amenable to jurisdiction under the Wisconsin long arm statute, and (2) the exercise of jurisdiction would offend the "minimum contacts" requirement of the Due Process Clause. LPLA Brief at 4-10. These arguments are meritless.

#### 1.   LPLA Satisfies The Requirements Of The Wisconsin Long Arm Statute.

LPLA satisfies the Wisconsin long arm statute[5] for at least three reasons: (1) LPLA promotes, advertises, and offers to sell the accused LCD modules in Wisconsin;

---

[5]     The Wisconsin long arm statute states jurisdiction is proper:

6

(2) LPLA admittedly has made direct sales of accused LCD Modules to at least one customer in Wisconsin; and (3) LPLA's sales of the accused LCD modules have caused and will cause injury in Wisconsin.

As explained above, LPLA's web site informs every citizen of Wisconsin that its accused LCD modules are available for purchase in Wisconsin through its authorized Wisconsin distributor, Synergistic. Indeed, the LPLA web site explicitly identifies Synergistic as a distributor for LPLA in the Wisconsin territory, and the Synergistic web site confirms that Synergistic sells LPLA products, including the accused LCD modules, throughout Wisconsin. Lest there be any doubt about the close working relationship between Synergistic and LPLA, the Synergistic web site has a link back to the LPLA web site and identifies LPLA as the supplier of products that it sells. Panneck Ex. N.

Plainly, through its own web site and that of its authorized distributor, LPLA advertises, promotes and offers to sell the accused LCD modules in Wisconsin, and offers to sell the accused modules are acts of infringement. 35 U.S.C. § 271(a). These substantial, continuous and ongoing activities are not "isolated activities" within the meaning of Wis. Stat. § 801.05(1)(d), and therefore, are more than sufficient to subject LPLA to personal jurisdiction under Wis. Stat. § 801.05(1)(d). *See, e.g., K.W. Muth*

---

"against a defendant who . . . [i]s engaged in substantial and not isolated activities within this state, whether such activities are wholly interstate, intrastate, or otherwise" (Wis. Stat. § 801.05(1)(d)); "[i]n any action claiming injury to person or property within or without this state arising out of an act or omission within this state by the defendant" (Wis. Stat. § 801.05(3)); and "[i]n any action claiming injury to person or property within this state arising out of an act or omission outside this state by the defendant, provided in addition that at the time of the injury, . . . [p]roducts, materials or things processed, serviced or manufactured by the defendant were used or consumed within this state in the ordinary course of trade" (Wis. Stat. § 801.05(4)-(4)(b)).

7

*Co., Inc. v. Gentex Corp.*, No. 06-C-378-C, 2006 WL 2772828, \*2-4 (W.D.Wis. Sep. 22, 2006) (holding that Wis. Stat. § 801.05(1)(d) provided jurisdiction over defendant who appointed third party distributors to sell infringing components to manufacturers in Wisconsin).

In addition, LPLA's admitted shipment into Wisconsin of 15 accused LCD modules in 2006 is also sufficient to confer personal jurisdiction. There is no requirement under the law that the allegedly infringing activity be rampant or widespread before personal jurisdiction attaches. "A single sale and shipment of the infringing product to a customer in the forum state is enough to establish personal jurisdiction." *Cornice Techs., Inc. v. Affinity Dental Prods., Inc.*, No. 04-cv-1133, 2005 WL 1712124, \*6 (D.Colo. 2005 July 21, 2005)) (citations omitted); *see also* Wis. Stat. § 801.05(3) (requiring only injury arising out of "*an* act" of defendant). Here, LPLA admits to having sold not just one, but 15 accused LCD modules in Wisconsin.

Citing to the *McPhee v. Simonds Saw and Steel* decision, LPLA attempts to distance itself from these Wisconsin sales by asserting that they do not establish jurisdiction under the "Local Injury; Foreign Act" provision of the Wisconsin statute. LPLA Brief at 6. LPLA's attempt misses the point. The "Local Injury; Foreign Act" provision assumes that the offending act **took place outside of Wisconsin** but caused injury in Wisconsin. That is not the situation in this case. Here, the offending act – LPLA's sales of the accused LCD modules – **took place in Wisconsin,**[6] and the injury

---

[6]    LPLA lamely attempts to argue that the sales in Wisconsin actually were made in California because the shipment was made "F.O.B. California." This is sheer sophistry as the Federal Circuit held in *North American Philips Corp. v. American Vending Sales, Inc.*, 35 F.3d 1576, 1579 (Fed. Cir. 1994) (holding that "to sell an infringing article to a buyer in Illinois is to commit a tort there" despite the fact that the sale was F.O.B. elsewhere).

8

also occurred in Wisconsin. *Beverly Hills Fan*, 21 F.3d at 1571 ("economic loss occurs to the patent holder at the place where the infringing sale is made"). Wis. Stat. § 801.05(3) addressing injury caused by a local act is thus satisfied. LPLA's reliance on the "Local Injury; Foreign Act" provision with respect to these sales is entirely misplaced.

Finally, personal jurisdiction can be exercised under the Wisconsin long arm statute when a non-resident of Wisconsin, such as LPLA claims to be, manufactures or distributes products that cause injury in Wisconsin. *See, Nelson by Carson*, 717 F.2d at 1123 (holding Wis. Stat. § 801.05(4)(b) applies to Hong Kong manufacturer who sold shirts to Hong Kong exporter who, in turn, sold shirts to Woolworth because shirt was purchased by a consumer in Wisconsin and injured plaintiff when shirt caught fire). That is the situation here.

As explained above, it is undeniable that LPLA has sold 15 accused LCD modules to All-American and shipped them to Wisconsin. Thus even if, as LPLA erroneously claims, these sales are deemed to have occurred in California, the injury they cause to AUO – infringement of the patents – occurs in Wisconsin when they are resold by All American. Because more than one LCD module was shipped to Wisconsin, the long arm statutes requirement of "products, materials or things" is satisfied. Wis. Stat. § 801.05(4)(b) (emphases added); *compare with McPhee v. Simonds Saw and Steel Co.*, 294 F. Supp. 779, 782-783 (W.D. Wis. 1969) ("use of the plural ('products, materials or things') . . . indicates . . . more than one item . . .").

Similarly, LPLA cannot deny that even when it sells the accused LCD modules outside of Wisconsin, it knows that those modules will be incorporated into finished

9

LCD display products (the modules have no other use) that are, or are likely to be, sold and/or used in Wisconsin. AUO has observed past and ongoing availability at major retail outlets in the district, and has even purchased those infringing products from retailers in the district. Lestina, ¶¶ 2-3, 5-6; Panneck ¶¶ 4-7. LPLA's contribution to retail sales of accused LCD modules in retail outlets throughout this district is plainly more akin to *Nelson* which found jurisdiction (sales to distributor in Hong Kong lead to retail Wisconsin sales) than it is to *McPhee* (purchase of a single tortious saw in Mississippi). Thus, the use and/or sale of the end products incorporating the LCD modules is an act of infringement causing injury in Wisconsin to AUO and giving rise to jurisdiction under Wis. Stat. § 801.05(4)(b).

For the foregoing reasons, personal jurisdiction over LPLA exists in this case, and LPLA's motion should be denied.

### 2.    LPLA Satisfies The Requirements Of The Due Process Clause, And The Court Has Specific Jurisdiction Over LPLA.

LPLA argues that, under the Due Process Clause, this Court cannot exercise specific jurisdiction over it because supposedly, "LPLA simply has not made, used, offered to sell or sold any products in Wisconsin" and "Wisconsin has no interest in this litigation." LPLA Brief at 10. As demonstrated above, these contentions are without merit. LPLA has sold at least 15 accused LCD modules in Wisconsin. LPLA and its authorized distributor, Synergistic, openly and continuously, solicit sales of accused modules from Wisconsin customers. Plainly, Wisconsin has an interest in preventing harm within it borders.

The Federal Circuit has articulated a three-part test to determine whether specific jurisdiction may be exercised: "(1) whether the defendant purposefully directed

10

its activities at the residents of the forum; (2) whether the claim arises out of or is related to those activities, and (3) whether assertion of personal jurisdiction is reasonable and fair." LPLA Brief at 9 (quoting *HollyAnne Corp. v. TFT, Inc.*, 199 F.3d 1304, 1307-8 (Fed. Cir. 1999)). All three criteria are met here.

> **a.    LPLA Purposefully Directed Its Activities At This Forum By Placing Accused Modules Into The Stream Of Commerce With Intent And Knowledge That They Would Be Sold In The Forum.**

The Federal Circuit has repeatedly held that "purposeful direction" giving rise to jurisdiction can be found where an accused infringer places an accused device into the stream of commerce while knowing the device will reach a forum. For example, in *Beverly Hills Fan Co.*, Virginia jurisdiction was proper over a Chinese manufacturer and New Jersey importer despite the facts that neither entity (1) owned assets in Virginia, (2) had employees in Virginia, (3) was licensed to do business in Virginia, or (4) sold anything in Virginia. 21 F.3d at 1560. The Federal Circuit ruled that jurisdiction exists because "the distribution channel formed by defendants and [the retail outlets in the district] was intentionally established, and that defendants knew, or reasonably could have foreseen, that a termination point of the channel was Virginia." *Id.* at 1564; *see also, e.g., Kernius v. International Electronics, Inc.*, 433 F.Supp.2d 621, 624-26 (D. Md. 2006) (exercising jurisdiction where Washington state defendant sold infringing device in Maryland through national chains like Best Buy and RadioShack).

Here, the facts supporting specific jurisdiction are much stronger than in *Beverly Hills Fan Co.*. LPLA has directly shipped and sold accused LCD modules in Wisconsin. LPLA Brief at 3. LPLA promotes and sells the accused products in Wisconsin, both directly through its web site, and indirectly through its distributor,

11

Synergistic, and its Wisconsin resale customer, All-American. Panneck Ex. G-R.

Moreover, LPLA knows that the accused LCD modules are intended to be used in

finished LCD products that are routinely sold by national retail chains, such as Circuit

City and Best Buy, throughout the country, including Madison, Wisconsin. Panneck ¶¶

2-7. Therefore, consistent with Federal Circuit precedent, it is clear that LPLA has

established a distribution channel leading LPLA's accused modules to this district. It

also is clear that LPLA "knew or reasonably could foresee that the articles would be

resold in [the jurisdiction], whereupon a distinct liability for contributory infringement

would arise to them." *North American Philips Corp. v. American Vending*, 35 F.3d at

1580 (reversing dismissal); *see also Viam Corp. v. Iowa Export-Import Trading Co.*, 84

F.3d 424, 429-30 (Fed. Cir. 1996) (reversing dismissal of declaratory judgment action

because jurisdiction over Italian patentee was proper where patentee exploited

California market through United States distributors).

Accordingly, LPLA fully satisfies the "purposeful direction" prong of the

specific jurisdiction test.

### b.    LPLA's Infringement "Arises Out Of Or Is Related To" Its Activities Directed At The Forum.

The second prong for specific jurisdiction – that AUO's claim arises out of or is

related to LPLA's activities directed at the forum – is met here as well. In *Beverly Hills*

*Fan*, this requirement existed where the allegation was that "defendants purposefully

shipped the accused fan into [the forum] through an established distribution channel.

The cause of action for patent infringement is alleged to arise out of these activities. No

more is usually required to establish specific jurisdiction." *Beverly Hills Fan*, 21 F.3d

at 1565.

Here, as explained above, LPLA has purposely directed efforts to sell and distribute its products in Wisconsin. Among those products are the accused LCD modules. No more is required.

### 3.    Exercise Of Jurisdiction Does Not Offend Fair Play Or Substantial Justice.

The final prong of the specific jurisdiction test requires that the exercise of jurisdiction be fair and reasonable. As the *Beverly Hills Fan* court acknowledged, it is the "rare situation" where a plaintiff's interest and the state's interest in adjudicating a dispute may be outweighed by the burden placed on defendant. *Beverly Hills Fan*, 21 F.3d at 1568. This is not one of those rare cases.

Here, AUO has a strong interest in preventing infringement of its patents, and Wisconsin likewise has a strong interest in preventing acts of infringement by companies who direct their activities towards its citizens.

There is no countervailing burden imposed on LPLA by it being required to defend its actions in a Wisconsin federal court. LPLA is a United States corporation that advertises its willingness to do business in Wisconsin. It has shipped accused products into Wisconsin, and it has an agent specifically hired to sell its products in Wisconsin. LPLA thus reasonably could foresee and expect to be subject to suit in Wisconsin.

### C.    The Fact That The Accused LCD Modules Are Sold As Components For Larger Systems Is Irrelevant

Although not addressed in its opening brief, LPLA may argue that the legal precedents discussed above do not apply to LPLA because LPLA typically sells the accused LCD modules as components which are then assembled into televisions or

monitors by third parties like LG Electronics. This argument is without merit for two
reasons.

First, as explained above, LPLA is subject to jurisdiction in Wisconsin because
of LPLA's direct sales of accused modules in Wisconsin, appointment of a Wisconsin
sales representative, and other Wisconsin activities.

Second, LPLA is also subject to jurisdiction in Wisconsin under a stream of
commerce theory. Courts have held that sellers of infringing components benefiting
from the stream of commerce may be subject to personal jurisdiction where that stream
terminates with the end product. *See, e.g., Jacobs Chuck Mfg. Co. v. Shandong Weida
Machinery Co., Ltd.*, No. 2:05-cv-185, 2005 WL 3299718, *9 (E.D. Tex. Dec. 2, 2005)
(exercising jurisdiction over Chinese supplier of drill chucks used by California
company to manufacture Home Depot products); *Donnelly Corp. v. Reitter &
Schefenacker GmbH & Co.*, 189 F.Supp.2d 696, 714 (W.D. Mich. 2002) (exercising
jurisdiction over German mirror manufacturer who sold to Mercedes in Germany
because Mercedes sold cars with those mirrors throughout United States); *Motorola Inc.
v. PC-Tel, Inc.*, 58 F.Supp.2d 349, 355 (D. Del. 1999) (exercising jurisdiction over
software licensor where third parties integrated licensed software into their own devices
and then placed devices into distribution chain).

Indeed, the Federal Circuit has acknowledged stream of commerce may give rise
to personal jurisdiction under facts remarkably similar to the present case.
*Commissariat à L'Energie Atomique v. Chi Mei Optoelectronics Corp.*, 395 F.3d 1315,
1317 (Fed. Cir. 2005). In *Chi Mei Optoelectronics*, the accused modules were shipped
by a Taiwanese defendant to brand name manufacturers outside of the forum

14

(Delaware). *Id.* The manufacturers included the modules in end products, such as computer monitors. *Id.* Then, the manufacturers shipped the end products to retailers who sold the end product to consumers in Delaware. *Id.* On appeal, the Federal Circuit rejected the notion that the defendants' lack of direct sales into Delaware foreclosed jurisdiction by remanding for jurisdictional discovery as to whether defendant ever advertised in the forum, provided advice to customers in the forum, *or had a distributor in the forum. Id.* at 1322 (emphasis added).

In the present case, it is clear that jurisdiction is proper under a "stream of commerce" analysis because, in addition to a fact scenario closely analogous to *Chi Mei Optoelectronics*, (1) LPLA has a distributor in Wisconsin, (2) LPLA advertises in Wisconsin and (3) LPLA provides advice to customers in Wisconsin through its website. Panneck Exs. G-L.

### D.     Venue Is Proper In This District.

LPLA suggests that venue is improper and argues that this lack of venue is an additional basis for dismissal. However, venue is proper in this Court for at least two reasons. First, under 28 U.S.C. § 1400(b), a patent action may be brought wherever the defendant resides. Residency is defined in 28 U.S.C. § 1391(c) as any district where a corporate defendant is subject to personal jurisdiction. *See also VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1583 (Fed. Cir. 1990) (applying the definition of "resides" in 28 U.S.C. § 1391(c) to 28 U.S.C. § 1400(b)). Therefore, under 28 U.S.C. § 1400(b), venue is proper here if LPLA's contacts with this district "are such that, if the district were itself a state, personal jurisdiction would be satisfied." *Zipher Ltd. v. Markem Corp.*, No. 06-C-745-S, 2007 WL 840514, *3 (W.D. Wis. Mar.

15

16, 2007). As explained above, personal jurisdiction is proper in this district.
Therefore, venue is proper under 28 U.S.C. § 1400(b).

Second, under 28 U.S.C. § 1391(b)(2), venue is proper in "a judicial district in
which a substantial part of the events or omissions giving rise to the claim occurred, or
a substantial part of property that is the subject of the action is situated . . . ". As
discussed above, LPLA directly and/or *indirectly* infringes AUO's patents by shipping,
selling and offering for sale the accused LCD modules in Wisconsin. The directly
infringing sales within this district by, for example, Circuit City and Best Buy, give rise
to AUO's claims of contributory infringement and inducement against LPLA. 35
U.S.C. § 271(b)-(c). Thus, substantial events relating to the claim of infringement take
place in the Western District of Wisconsin.

Further, the outcome of this case could have a substantial impact on property in
this district. Multiple retailers in this district, including Circuit City and Best Buy, have
inventories of televisions and monitors incorporating accused LCD modules. This
inventory property could be affected by an injunction against further infringement of the
AUO patents.

Accordingly, venue is proper under 28 U.S.C. § 1391(b)(2).

## E.   AUO's Complaint Meets The Fed. R. Civ. P. 8 Standards.

LPLA's brief criticizes AUO for failing to allege jurisdictional and venue facts
in its Complaint. LPLA Brief at 2, 5. LPLA's criticism is misplaced and irrelevant.
Courts have long held that there is no need to plead the factual basis for alleging
personal jurisdiction in a complaint. *See, e.g., Stirling Homex Corp. v. Homasote Co.*,
437 F.2d 87, 88 (2d Cir. 1971) (holding plaintiff's complaint need not state basis for

16

personal jurisdiction); *Walker v. Concoby*, 79 F.Supp.2d 827, 835 (N.D. Ohio 1999)
(Fed. R. Civ. 8(a)(1) requires an explanation of the grounds for "subject-matter
jurisdiction and not personal jurisdiction"); *Burger King Corp. v. Holder*, 844 F.Supp.
1528, 1531 (S.D. Fla. 1993) ("Federal Rule of Civil Procedure 8(a) does not require a
plaintiff to plead the basis for personal jurisdiction over a defendant."). Nor does Fed.
R. Civ. P. 8 require any pleading with respect to venue. *See also Stickland v. Trion
Group, Inc.*, 463 F.Supp.2d 921, 924 (E.D. Wis. 2006) ("A plaintiff need not allege the
basis for filing in a particular district court because, unlike subject matter jurisdiction,
venue is not a matter that must be raised by the proponent of the forum.").

LPLA's criticism is based on a misreading of *Versatile Plastics, Inc. v.
Sknowbest! Inc.*, 247 F.Supp.2d 1098 (E.D. Wis. 2003). *Versatile Plastics* did not hold
that the alleged basis for personal jurisdiction must be set forth in an original complaint
as suggested in LPLA's brief. LPLA Brief at 5. Rather, "*[o]nce the issue of
jurisdiction is raised*, the plaintiff has the burden of demonstrating the existence of
personal jurisdiction . . . ." *Id.* at 1101 (emphasis added). As demonstrated in this
opposition, AUO has fully met its burden of establishing jurisdiction. No amendment
to AUO's complaint is necessary.[7]

### F.    In The Alternative, AUO Requests An Opportunity For Jurisdictional Discovery And An Evidentiary Hearing.

The jurisdictional evidence set forth in this opposition is more than sufficient for
this Court to deny LPLA's motion outright. Nonetheless, if the Court has any doubts,
AUO requests a fair opportunity to bolster its position with jurisdictional discovery
from LPLA, LPLA representatives such as Synergistic and LPLA distributors. *See*

---

[7]    In the alternative, AUO requests leave to amend its Complaint. Leave "shall be
freely given when justice so requires." Fed. R. Civ. P. 15(a).

*Commissariat A Le'Energie Atomique*, 395 F.3d at 1324 (reversing dismissal where

plaintiff was denied opportunity for jurisdictional discovery).[8]

## IV.    CONCLUSION

For the foregoing reasons, LPLA's Motion to Dismiss should be denied.

DATED this 18th day of April, 2007

RESPECTFULLY SUBMITTED BY

MICHAEL BEST & FRIEDRICH LLP

By:
James R. Troupis
Paul D. Barbato
One South Pinckney Street, Suite 700
P.O. Box 1806
Madison, WI 53701-1806
Telephone: (608) 257-3501
Facsimile: (608) 283-2275

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
Ron E. Shulman
Steven Baik
650 Page Mill Road
Palo Alto, California 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 493-6811

M. Craig Tyler
Brian D. Range
8911 Capital of Texas Highway North
Westech 360, Suite 3350
Austin, Texas 78759-8497
Telephone: (512) 338-5400

Attorneys for Plaintiff
AU Optronics Corporation

---

[8]    On April 11, 2007, AUO provided LPLA with discovery requests relating to
jurisdictional issues and asked LPLA to provide responsive information with its initial
disclosures. Panneck Exs. S-T. As of the date of this opposition, LPLA has not agreed
to provide such discovery.

DOC NO
REC'D/FILED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN** PM 2: 01

|  |  |
|---|---|
| AU Optronics Corporation, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| vs. | ) Civil Action No..: 07-C-0137-S |
| | ) |
| LG.Philips LCD Co., Ltd. | ) Judge John C. Shabaz |
| and | ) |
| LG.Philips LCD America, | ) |
| | ) |
| *Defendants.* | ) |
| | ) |

THERESA H. OWENS
CLERK US DIST COURT
WD OF WI

## CERTIFICATE OF SERVICE

I, Frances M. Wiley, hereby certify that true and correct copies of the following:

1.    Plaintiff's Opposition to LG.Philips LCD America's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue;

2.    Declaration of David W. Panneck; and

3.    Declaration of Michael Lestina

were served upon all parties to this action as indicated below on this 18th day of April, 2007 to:

Via Hand Delivery & E-mail:
jpeterson@gklaw.com
bwilliam@gklaw.com

James D. Peterson
Bradley C. Williamson
Godfrey & Kahn, S.C.
One East Main Street, Suite 500
P.O. Box 2719
Madison, WI 53701-2719

Via Federal Express & E-mail:
gbono@mckennalong.com
tgoodwyn@mckennalong.com
lbrzezynski@mckennalong.com

Gaspare J. Bono
R. Tyler Goodwyn, IV
Lora A. Brzezynski
McKenna, Long & Aldridge LLP
1900 K Street, N.W.
Washington, DC 20006-1108

Frances M. Wiley

1