IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| AU Optronics Corporation,<br><br>*Plaintiff,*<br><br>vs.<br><br>LG.Philips LCD Co., Ltd.<br>and<br>LG.Philips LCD America,<br><br>*Defendants.* | Civil Action No.: 07-C-0137-S1<br><br>Judge John C. Shabaz |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION TO COMPEL LG.PHILIPS LCD AMERICA
TO RESPOND TO REQUESTS FOR PRODUCTION AND
INTERROGATORIES AND FOR OTHER RELIEF**

**I.   INTRODUCTION**

Plaintiff, AU Optronics Corporation ("AUO"), served straightforward discovery requests on Defendant LG.Philips LCD America ("LPLA") seeking information relating to jurisdiction. LPLA has unilaterally determined it will refuse to answer any discovery unless and until this Court rules on LG.Philips LCD America's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue. (*See* Dkt. No. 6.) In other words, LPLA believes it can ignore Fed. R. Civ. P. 33 and 34 – in effect, granting itself an unlimited stay of any discovery – so long as there is a pending motion to dismiss.

LPLA is wrong. The Federal Rules of Civil Procedure certainly do not allow any party to ignore its obligation to respond to discovery simply because it has filed a motion related to venue and jurisdiction. Indeed, the Seventh Circuit has expressly held that a motion to dismiss for lack of jurisdiction does not stay discovery. *Daniel J. Hartwig Associates, Inc. v. Kanner*, 913 F.2d 1213, 1223 (7th Cir. 1990). If a party does not wish to engage in discovery while the motion is pending, "[t]he proper course of action is to request that the district court enter a stay of discovery." *Id.* Thus, regardless of LPLA's

pending motion, LPLA should provide timely answers to interrogatories and the requested documents.

Furthermore, as a threshold matter, AUO's requested discovery is proper: "a trial court should permit discovery on the question of jurisdiction unless the plaintiff's claim is clearly frivolous." *Nehemiah v. Athletics Congress of U.S.A.*, 765 F.2d 42, 48 (3d Cir. 1985) (internal quotations and citation omitted). No one has or could suggest that AUO's claim is frivolous. Indeed, as demonstrated in AUO's opposition to LPLA's motion to dismiss (Dkt. No. 27), AUO's claim has extraordinary merit: AUO has proffered substantial evidence that this Court has jurisdiction over LPLA.

Moreover, LPLA did not raise with this Court its intention to refuse to comply with then-pending discovery during the Preliminary Pretrial Conference held on April 19, 2007. This was a willful failure that has caused AUO to incur the expense of this Motion. Accordingly, LPLA should be ordered to pay AUO's reasonable costs in bringing this matter to the Court.

## II.   STATEMENT OF FACTS

AUO filed this case on March 8, 2007 and served LPLA with the complaint on March 9. (Complaint, Dkt. No. 02.) LPLA filed a motion to dismiss alleging lack of personal jurisdiction on March 29. (*See*, LG.Philips LCD America's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue, Dkt. No. 06.) On April 10 and April 12, the parties conducted a Fed. R. Civ. P. 26(f) conference.[1] (Troupis Decl., ¶ 2.) During that conference, AUO asked LPLA to provide any relevant jurisdictional items as part of its initial disclosures. (Troupis Decl., ¶ 4.) LPLA would not clearly agree to provide jurisdictional items as part of its initial disclosures, so to avoid any misunderstanding, AUO immediately served discovery on April 11, 2007. (Second

---

[1] The parties are still negotiating a final 26(f) conference report. The parties have reached agreement on most points concerning a discovery plan but disagree on some points including, for example, the number of deposition hours that should be allowed.

2

Panneck Decl., Ex. A and B; Troupis Decl., ¶ 5.) By serving those narrow requests, AUO hoped to receive as an initial disclosure the factual information in LPLA's possession concerning jurisdiction, or failing that, at least receive full compliance as simple discovery within the 30 days provided by the Federal Rules.

AUO's discovery requests are directed to issues relevant to this Court's jurisdiction over LPLA. The requests are straightforward and narrow:

- Interrogatory 1: an explanation of LPLA's knowledge of LPLA liquid crystal display ("LCD") modules made, used, sold, and/or offered for sale in Wisconsin;

- Interrogatory 2: an explanation of LPLA's knowledge of LPLA LCD modules made, used, sold, incorporated into other devices, and/or offered for sale by retail outlets prominently doing business in Wisconsin such as Best Buy, Circuit City, Wal-Mart, Radio Shack, etc.;

- Request for Production Nos. 1-5: documents concerning LPLA's United States customers, distributors, and representatives including documents concerning LPLA's relationship with its Wisconsin representatives and distributors, Synergistic Sales and All American Semiconductor, Inc.;

- Request for Production No. 6: documents concerning LPLA's process for selecting Synergistic Sales and All American Semiconductor, Inc. as its representatives for Wisconsin;

- Request for Production Nos. 7-10: documents concerning LPLA's promotional activities including activities in Wisconsin;

- Request for Production No. 11: LPLA communications with Wisconsin customers;

- Request for Production Nos. 12-16: documents concerning LPLA's knowledge of consumer end-products incorporating its LCD Modules and LPLA's knowledge and communications with retail outlets doing business in Wisconsin (such as Best Buy, etc.) and manufacturers whose products are routinely sold in Wisconsin (such as LG Electronics, Inc., Dell, Apple, etc.);

- Request for Production Nos. 17-18: documents concerning LPLA's admitted shipment of accused modules to Wisconsin;

- Request for Production Nos. 19-23: documents concerning LPLA web pages referencing Wisconsin, reflecting accused infringing acts in Wisconsin, analyzing the Wisconsin LCD market, or mentioning Wisconsin; and

- Request for Production No. 24: documents referenced in responding to AUO's interrogatories.

(Second Panneck Decl. Exhs. A and B.)

On Friday, May 11, 2007, the parties exchanged initial disclosures. Not surprisingly, given that Co-Defendant LG.Philips LCD Co., Ltd. ("LPL") and LPLA have acted together in the marketplace and have openly sold and distributed products in Wisconsin, LPLA and LPL filed a joint Rule 26(a)(1) disclosure. (Second Panneck Decl., Ex. C (LG.Philips LCD Co., Ltd's and LG.Philips LCD America's Initial Disclosure Pursuant to Rule 26(a)(1).)) LPLA failed in the initial disclosure to provide any information to support its previously filed jurisdictional motion. *Id.*

On that same day, Friday, May 11, 2007, LPLA refused to substantively respond to AUO's two narrowly tailored interrogatories, and twenty-four specific requests for production. (Second Panneck Decl., Ex. D and E.) LPLA provided no interrogatory answers and no document production whatsoever. Citing no law, rule, or order, LPLA created its own mythical objection – the discovery request "is premature." (In addition, LPLA also made some typical boiler-plate objections.) LPLA explains that the discovery requests are "premature" because the Court has not granted any request for jurisdictional discovery and because AUO "failed to demonstrate that it is entitled to jurisdictional discovery." *Id.*

On Monday, May 14, 2007, Attorney James Troupis, counsel for AUO, sent a letter asking LPLA to provide the requested discovery no later than May 17, 2007. (Second Panneck Decl., Ex. F.) Mr. Troupis's letter also requested a telephone conference to address LPLA's objections at any time convenient for LPLA on either Tuesday or Wednesday, May 15-16, 2007. *Id.* LPLA did not timely respond either in writing or by phone to Mr. Troupis's request. Instead, on Thursday, May 17, 2007,

4

Attorney Gaspare Bono, counsel for LPLA, responded to Mr. Troupis's letter by refusing to reconsider LPLA's withholding of discovery and by offering four excuses (discussed below) why LPLA's pending motion to dismiss justifies LPLA's complete refusal to provide discovery. (Second Panneck Decl., Ex. G.) Given LPLA's position, AUO had no choice but to file this motion to compel.

### III. ARGUMENT

#### A. LPLA's Pending Motion To Dismiss Does Not Excuse LPLA From Its Discovery Obligations.

LPLA has offered four excuses for refusing to provide timely and complete discovery responses. (Second Panneck Decl., Ex. G.) All four excuses are based on LPLA's pending motion to dismiss. None of the excuses have any merit.

First, without legal citation, LPLA states there is no "reason to expend time and money on jurisdictional discovery" because LPLA's motion is already pending before the Court. (Second Panneck Decl., Ex. G, p. 1.) That position is obviously contrary to law. Federal Rules 33 and 34 require a party to respond to requests for production and interrogatories within 30 days. (Fed. R. Civ. P. 33 and 34.) There is no exception for discovery served while there is a pending motion to dismiss.

In fact, when parties have unilaterally refused to provide discovery because of a pending jurisdictional motion, the Seventh Circuit has been quite emphatic in punishing that behavior.

> Kanner deliberately chose not to engage in discovery during the pendency of his motion to dismiss. However, Kanner did not file a request to stay discovery during the time the court was considering his motion to dismiss. Kanner stated in his brief that "it is a federal practice based on efficiency and economy to not proceed with discovery when there is a dispositive issue such as jurisdiction that has not been resolved." Not surprisingly, Kanner failed to cite any authority for this proposition. **We know of no statute, case law, local rule or custom in the Seventh Circuit that condones such a practice.** The proper course of action is to request that the district court enter a stay of discovery until all jurisdictional issues are decided; it is not proper to unilaterally forego discovery....

*Kanner*, 913 F.2d at 1223 (affirming denial of motion to extend discovery because party cannot unilaterally choose whether to participate in discovery based on pending jurisdiction motions) (emphasis added).

In any event, even assuming LPLA had properly brought this matter to the Court (and it most certainly did not properly raise its concerns) "a trial court should permit discovery on the question of jurisdiction unless the plaintiff's claim is ***clearly frivolous***." *Nehemiah*, 765 F.2d at 48 (internal quote and citation omitted) (emphasis added). As AUO has emphatically noted in its prior filings with this Court, it is LPLA's motion to dismiss that utterly lacks merit, not AUO's response. Indeed, AUO has plainly established a good-faith basis for alleging proper jurisdiction:

- Consumer products (such as televisions) containing the accused devices are routinely sold in quantity at major retail outlets (such as Best Buy, Circuit City, and Radio Shack) located in the Western District of Wisconsin;

- LPLA advertises Synergistic Sales as its "Representative" responsible for selling the accused devices in the state of Wisconsin; and

- LPLA shipped accused devices to Wisconsin on behalf of its Wisconsin distributor, All-American Semiconductor, Inc.

- www.lgphilips-lcd.com holds itself out as being LPLA's web site. This web site advertises a Wisconsin "Representative" for LPLA, Synergistic Sales.

(*See* Opposition to LPLA's Motion to Dismiss at 2-6, Dkt. No. 27.) Discovery, jurisdictional or otherwise is entirely appropriate.

LPLA also asserts that AUO's discovery requests are inconsistent with AUO's position that publicly-available jurisdictional facts are sufficient for the Court to deny LPLA's motion. (Second Panneck Decl., Ex. G., p. 1.) Of course, this Court can and should deny LPLA's motion to dismiss based on AUO's evidence to date. However, unless LPLA consents to this Court's exercise of personal jurisdiction over it, LPLA

6

cannot unilaterally refuse to provide discovery that would further bolster AUO's factual basis for jurisdiction. The rule is emphatic and clear: "[p]arties may obtain discovery regarding any matter, not privileged that is relevant to the claim or defense of any party . . ." (Fed. R. Civ. P. 26(b)(1)), and jurisdiction is certainly a "defense."

Third, LPLA suggests that its lack of responsive discovery is excused because AUO asked the Court for an opportunity for jurisdictional discovery in opposing LPLA's motion to dismiss. (Second Panneck Decl., Ex. G., p. 1.) That is nonsense. AUO never waived its rights under the Federal Rules of Civil Procedure to obtain responses to its discovery requests within thirty days. AUO merely sought to ensure that, if the Court was inclined to rule on LPLA's motion *before* this thirty day deadline, AUO would not be deprived of discovery. The Court, by waiting until *after* the thirty day deadline to rule on LPLA's motion to dismiss, has given AUO the opportunity it requested. Under the Fed. R. Civ. P. 33 and 34, LPLA's responses are now overdue.[2]

Fourth, LPLA argues that its delay and stone-walling is excused because "AUO did not file a motion requesting leave to obtain jurisdictional discovery." (Second Panneck Decl., Ex. G, p. 2.) LPLA completely misunderstands the law and has it exactly backwards. AUO is not required to file such a motion. Rather, if LPLA wants a stay or a protective order to bar improper discovery, it has the burden to seek that relief. *See, e.g., Redwood v. Dobson*, 476 F.3d 462, 467-68 (7th Cir. 2007) (rather than improper objection at deposition, issue should have been raised by application for protective order; sanctions imposed).

---

[2] Indeed, by the time of a hearing on this Motion, LPLA's duplicity may well be fully exposed. AUO's request in its response was limited to jurisdictional discovery. AUO said nothing about other discovery. Answers to other discovery directed to LPLA is due May 20, 2007. If LPLA actually means what its counsel said, then LPLA will fully respond to that non-jurisdictional discovery on May 20, 2007.

7

Because none of LPLA's excuses for withholding discovery have merit, LPLA should be compelled to provide full and complete responses to AUO's Discovery Requests.

### B.    LPLA's Other Objections Also Lack Merit.

In addition to relying on its motion to dismiss, LPLA made other objections. However, as reflected in Attorney Bono's letter response of May 17, 2007, LPLA did not attempt to rely on these objections to excuse its failure to respond. (Second Panneck Decl., Ex. G.) LPLA's decision not to address those other objections is understandable. LPLA's additional objections to AUO's interrogatories and requests for production amount to typical boilerplate language that is either unfounded or, at most, would only limit the scope of LPLA's discovery obligations in a typical fashion (for example, no production of privileged material).

Although LPLA does not appear to rely on these objections, for the sake of completeness, these objections are addressed below.

- General Objection 3: LPLA objects to the discovery to the extent it seeks privileged information. So long as LPLA has not waived privilege and LPLA provides an adequate privilege log, AUO would not dispute this objection.

- General Objection 4: LPLA objects to the requests to the extent they seek irrelevant information. However, LPLA has made no showing that the requests seek irrelevant information. To the contrary, AUO's requests are directly relevant to this Court's jurisdiction over LPLA, as well as other issues such as infringement.

- General Objection 5: LPLA objects to the requests as overbroad. However, LPLA has made no showing that any request is overbroad. There is no basis for objecting to overbreadth with respect to time or place, because (1) LPLA's activity at *any* time may give rise to jurisdiction and (2) LPLA's sales to distributors, major retail outlets, and major manufacturers even outside of Wisconsin may give rise to jurisdiction in Wisconsin. For example, LPLA is presumably well aware that entities such as Best Buy, Wal Mart, Apple, and Dell do business in Wisconsin. *C.f. North Am. Philips Corp. v. Am. Vending*

*Sales, Inc.*, 35 F.3d 1576, 1580 (Fed. Cir. 1994) (jurisdiction arises where defendant "knew or reasonably could foresee that the articles would be resold in [the jurisdiction]").

- General Objection 6: LPLA objects to providing discovery outside of its possession, custody or control. AUO would not dispute this standard objection.

- General Objection 7: LPLA objects to providing third-party confidential information without first obtaining that third-party's consent. While AUO understands that third-party confidentiality is an important consideration, it does not provide an excuse for LPLA to withhold relevant discovery. LPLA was obliged to promptly inform these third parties of LPLA's discovery obligations so that the third parties could seek a protective order if necessary.

- General Objection 8: LPLA objects to discovery (a) not in LPLA's possession, (b) in AUO's possession, (c) in the public domain, or (d) more easily obtainable from other sources. Objection 8(a) is duplicative of Objection 6 addressed above. As for the other objections, the requests in question are directed at LPLA's relationship with Wisconsin and LPLA's knowledge of its many connections to Wisconsin. This information is uniquely available to LPLA. Therefore, objections 8(b)-(d) lack merit.

- General Objection 9-13: LPLA objects to various definitions provided in AUO's discovery requests to the extent they impose obligations beyond the Federal Rules of Civil Procedure, as vague and ambiguous, and as implicating privilege. AUO does not intend to impose any burdens beyond the Federal Rules. The privilege objection is duplicative of Objection 3 addressed above. AUO's definitions are not vague and ambiguous, and, indeed, they are intended to prevent any ambiguity in the interrogatories and requests themselves.

- General Objection 14: LPLA objects to various instructions provided by AUO with the requests. However, LPLA agrees to respond to the Requests "pursuant to Fed. R. Civ. P. 26 and 34." AUO's instructions are consistent with the Federal Rules of Civil Procedure, and AUO asks that LPLA fully comply with these rules.

- General Objection 15 (directed at Document Requests only): Based on the parties' ongoing negotiations of the Rule 26(f) report, the parties appear to mutually agree on a format for production of electronic documents. This objection is therefore moot.

Most of LPLA's objections to specific requests are simply repetitions of LPLA's general objections. (*See, e.g.*, Second Panneck Ex. D at pp. 4-5, Interrogatory No. 1.) AUO's response to each of these repeated objections is set forth above.

9

LPLA also lodges two objections to specific requests not included in its general objections. Those two objections are addressed below:

- Interrogatory No. 2: LPLA objects to AUO's interrogatory as containing "multiple separate and distinct counterparts, together representing at least 32 separate interrogatories." This objection is without merit. The interrogatory merely asks LPLA to explain all of LPLA's knowledge relating to its modules being made, used or sold by retailers. The interrogatory then lists, as examples, numerous Wisconsin retailers who sell products containing accused modules including, for example, LG Electronics, Inc. televisions and computer monitors. AUO's list of thirty-two exemplary Wisconsin retailers who sell accused LPLA modules does not transform AUO's one interrogatory into 32 interrogatories.

- Request for Production No. 18: LPLA objects to the request as "premature" to the extent "it requires the terms 'frame and bezel,' 'overdrive functionality,' and 'dummy patterns' to be construed." The objection lacks merit because the request for production does not require any "construction." Rather, the request simply asks for technical information on the products LPLA shipped to Wisconsin sufficient to completely compare those products to the asserted patents.

Because LPLA's objections either lack merit or merely narrow the scope of LPLA's response (by, for example, excluding privileged information), LPLA has no excuse for completely refusing to produce responses to AUO's requests. LPLA's substantive responses are now past due, and LPLA will continue to improperly withhold discovery unless the Court intervenes. Accordingly, AUO asks for this Court to compel LPLA to comply with its obligations under the Federal Rules.

### C. Willful Failure To Timely Raise A Proper Objection.

This Court has the power to order a party failing to comply with discovery to pay the expenses incurred in bringing a motion to compel. Fed. R. Civ. P. 37(a)(4)(A). Here, imposition of those expenses against LPLA is particularly appropriate because, even without regard to the merits of the defendant's objections (and there is no merit), LPLA willfully chose not to raise the objections during this Court's April 19, 2007,

Preliminary Pretrial Conference. By that time, the specific requests to which LPLA now objects had been served. LPLA had to have known it would refuse to provide that discovery because the LPLA's Motion to Dismiss on which it relies for its objection had been filed weeks before and was then pending. Yet, LPLA's counsel chose not to tell the Court, ask the Court for a stay, or inform the other parties and counsel.

Both the lack of merit of the objection and failure to timely raise the matter has caused unnecessary expense and delay. LPLA should be ordered to pay expenses.

## IV. CONCLUSION

For the foregoing reasons, AUO's motion to compel should be granted. AUO respectfully asks the Court to order LPLA to substantively respond in full to Plaintiff's First Request for Production of Documents and Things to Defendant LG.Philips LCD America (Nos. 1-24) and Plaintiff's First Set of Interrogatories to Defendant LG.Philips LCD America (Nos. 1-2). Further LPLA should be ordered to pay reasonable expenses incurred by AUO in bringing this Motion.

DATED this 18th day of May, 2007

RESPECTFULLY SUBMITTED BY

MICHAEL BEST & FRIEDRICH LLP

By: _____
James R. Troupis
Paul D. Barbato
One South Pinckney Street, Ste. 700
P.O. Box 1806
Madison, WI 53701-1806
Telephone: (608) 257-3501
Facsimile: (608) 283-2275

> WILSON SONSINI GOODRICH & ROSATI
> Professional Corporation
> Ron E. Shulman
> Steven Baik
> 650 Page Mill Road
> Palo Alto, California 94304-1050
> Telephone: (650) 493-9300
> Facsimile: (650) 493-6811
>
> M. Craig Tyler
> Brian D. Range
> 8911 Capital of Texas Highway North
> Westech 360, Suite 3350
> Austin, Texas 78759-8497
> Telephone: (512) 338-5400
>
> Attorneys for Plaintiff
> AU Optronics Corporation

Q:\CLIENT\022628\0001\B1059175.2