DOC NO 45
REC'D/FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

2007 MAY 22 PM 4: 14

THERESA M. OWENS
CLERK US DIST COURT
W.D. OF WI

|  |  |  |
|---|---|---|
| AU OPTRONICS CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-C-0137-S |
| | ) | |
| LG.PHILIPS LCD CO., LTD. and | ) | |
| LG.PHILIPS LCD AMERICA, | ) | |
| | ) | |
| Defendants. | ) | |

## LG.PHILIPS LCD AMERICA'S MEMORANDUM IN OPPOSITION OF PLAINTIFF'S MOTION TO COMPEL JURISDICTIONAL DISCOVERY

### I.   INTRODUCTION

Defendant LG.Philips LCD America ("LPLA") respectfully submits this opposition to Plaintiff's Motion to Compel LPLA to Respond to Requests for Production and Interrogatories and for Other Relief ("AUO's Motion").[1] AUO's Motion seeks to compel responses to what AUO itself admits is jurisdictional discovery served without leave of this Court. As demonstrated below, the motion should be denied as fundamentally flawed – factually, legally, and procedurally.

Factually, AUO's Motion is in serious error to the extent it suggests that Defendants have imposed a "stay" on all discovery, including the merits discovery served by AUO subsequent to its jurisdictional discovery. In fact, both LPLA and LG.Philips LCD Co., Ltd. ("LPL") have

---

[1] LPLA has filed with this opposition a Declaration of Nicole Talbott Settle ("Settle Decl."). Reference is also made herein to the April 18, 2007 declaration submitted by David W. Panneck in support of AUO's Opposition to LPLA's Motion to Dismiss ("Panneck Decl.") (*see* Dkt. No. 28) and the May 18, 2007 declaration submitted by Mr. Panneck in support of AUO's Motion ("Second Panneck Decl.") (*see* Dkt. No. 44).

responded in a timely manner to this more recent discovery and responsive documents will begin to be produced this week. (Settle Decl, Exs. A-B.) Thus, AUO's Motion is limited to the issue of jurisdictional discovery.

Legally, AUO's Motion is deeply flawed because, while admitting jurisdictional discovery is sought, AUO ignores the different standards applicable to jurisdictional and merits discovery. As a result, AUO does not address the clear teaching of the Seventh Circuit that, **"[a]t a minimum, the plaintiff must establish a colorable or prima facie showing of personal jurisdiction before discovery should be permitted."** *Central States, Southeast and Southwest Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 946 (7th Cir. 2000) (emphasis added).

Procedurally, AUO's Motion, which seeks to compel responses to previously served jurisdictional discovery, is not the proper vehicle for the requested relief because AUO never sought leave of the Court to serve this discovery. Contrary to AUO's contention, it was not LPLA's burden to seek a protective order; rather, it was AUO's burden to seek leave of the Court before serving its jurisdictional discovery. AUO's assertion that LPLA had the burden of seeking a protective order regarding jurisdictional discovery is simply wrong and relies on case law addressing merits discovery. Indeed, in one of the cases AUO relies upon – *Redwood v. Dobson*, 476 F.3d 462, 467-68 (7th Cir. 2007) – the Court was concerned with an "insult-riddled" deposition that had nothing to do with jurisdictional discovery.[2]

---

[2] Similarly, AUO relies heavily on *Daniel J. Hartwig Associates, Inc. v. Kanner*, 913 F.2d 1213, 1223 (7th Cir. 1990), which addressed merits discovery issues when a defendant "waited an entire month until after the district court denied his motion to dismiss before he asked the court to postpone the trial date and extend discovery."

## II. FACTUAL BACKGROUND

### A. Motion to Dismiss

LPLA's Motion to Dismiss has been fully briefed by the parties and is under consideration by the Court. In support of its motion, LPLA provided the Court with declarations that enumerate LPLA's few contacts with Wisconsin and demonstrate why those limited contacts do not establish jurisdiction. In opposing this motion, AUO took the position that the existing record "is more than sufficient to deny LPLA's motion outright," but, if the Court has "doubts," then AUO should be allowed to conduct jurisdictional discovery. AUO also provided the Court with copies of the very same jurisdictional discovery (document requests and interrogatories) that is the subject of AUO's Motion. (Panneck Decl., Exs. S-T.)

### B. Merits Discovery

On April 20, 2007, AUO served LPLA with 141 merits document requests as a "second set" of discovery in addition to the jurisdictional discovery served as the "first set" of document requests. Thus, and rather remarkably, AUO has propounded 166 requests to LPLA (and another 142 to LPL)[3] before reaching final agreement on the Rule 26(f) report.

On Monday, May 20, as noted above, LPLA and LPA served timely responses to this merits discovery and responsive documents will be produced beginning this week. (Settle Decl., Exs. A-B.) Thus, LPLA cannot fairly be said to have impeded discovery on the merits of this case.

### C. Jurisdictional Discovery

On April 11, 2007, LPLA was served with the jurisdictional discovery that is the basis of AUO's Motion. (Panneck Second Decl., Exs. A-B.) On Friday, May 11, LPLA interposed

---

[3] Served at the same time, AUO's second set of requests to LPLA and AUO's first set of requests to LPL seek the same categories of documents. (Settle Decl. Exs. A-B.)

timely objections to these document requests and interrogatories. Each of LPLA's responses included the following:

> LPLA objects to this [Request/Interrogatory] on the grounds that [it] is premature. LPLA will produce non-privileged, responsive, relevant documents, subject to its general and specific objections, and to the extent such documents exist, if and when the Court grants AUO's request for jurisdictional discovery, as made in Part III.F of AUO's "Opposition to LG.Philips LCD America's Motion to Dismiss for Lack of Personal Jurisdiction." D.I. 27 at 17.

(Panneck Second Decl., Exs. C-D.)

On Monday, May 14, AUO's counsel wrote LPLA demanding an immediate meet-and-confer meeting or else AUO would to file a motion that same week. (Second Panneck Decl., Ex. F.) On Thursday, May 17, LPLA's counsel responded to AUO's letter by raising the following points:

> *First*, your letter ignores the fact that the motion to dismiss for lack of personal jurisdiction has been fully briefed by the parties and is now under consideration by the Court. We do not believe there is any reason to expend time and money on jurisdictional discovery – or related motions practice – in light of the fact that we expect that Court will shortly rule on the pending motion.
>
> *Second*, your demand for a meet and confer within 48 hours of your letter – backed by a threat to rush to the Court "this Friday" – is contrary to the position that AUO took in opposition to the motion. There, AUO informed the Court in no uncertain terms that jurisdictional discovery was unnecessary because "[t]he jurisdictional evidence set forth in this opposition is more than sufficient to deny LPLA's motion outright." Docket Entry No. 27 at p. 17.
>
> *Third*, the subject of your letter – LPLA's responses to AUO's jurisdictional discovery requests – has <u>already</u> been placed before the Court for decision. In particular, AUO's opposition to the motion stated, in bold: **"In The Alternative, AUO Requests An Opportunity For Jurisdictional Discovery And An Evidentiary Hearing."** *Id.* AUO further stated that "if the Court has any doubts, AUO requests a fair opportunity to bolster its position with jurisdictional discovery . . . ." *Id.* In addition, AUO informed the Court: "On April 11, 2007, AUO provided LPLA with discovery

> requests relating to jurisdictional issues and asked LPLA to provide responsive information with its initial disclosures. Panneck Exs. S-T. As of the date of this opposition, LPLA has not agreed to provide such discovery" *Id.* at p. 18, n. 8. Thus, the issue of jurisdictional discovery already is pending before the Court, and the Court will shortly decide whether or not AUO has any right to any jurisdictional discovery.
>
> *Fourth*, AUO did not file a motion requesting leave to obtain jurisdictional discovery from LPLA. Nevertheless, we expect the Court to decide this issue in light of AUO's alternative request in its opposition.
>
> In light of the above, we believe that it is reasonable for the parties to allow the Court an opportunity to rule on the issues that have already been placed before the Court, including the right to any jurisdictional discovery, and which the Court is now considering and will shortly rule on. We, of course, will comply with whatever the Court decides.

(Second Panneck Decl., Ex. G; footnote omitted.)

The next day, May 18, AUO filed the instant motion.

### III. LEGAL STANDARDS

**"As a general rule, a plaintiff must establish a prima facie case showing that personal jurisdiction is likely to exist before the plaintiff is entitled to any jurisdictional discovery."** *Birnberg v. Milk Street Residential Assocs. Ltd. P'ship*, No. 02 C 978, 2002 U.S. Dist. LEXIS 9321, at *15-16 (N.D. Ill. May 24, 2002) (citing *Central States*, 230 F.3d at 946) (emphasis added). Thus, while it is well within this Court's discretion to allow jurisdictional discovery, it is also true that **"[p]ermitting discovery to establish jurisdiction is never automatic**, however. The plaintiff seeking jurisdictional discovery **must** have a colorable case for jurisdiction and **must** demonstrate to the district court what additional facts would be found if discovery were permitted." *Moore's Federal Practice - Civil* § 12.31[7] (emphasis added; footnotes omitted).

In *Central States*, the Seventh Circuit held that the district court did not abuse its discretion in denying the plaintiff's request for "burdensome, wide-ranging [jurisdictional] discovery." 230 F.3d at 947. In so holding, the Seventh Circuit relied on *Ellis v. Fortune Seas, Ltd.*, 175 F.R.D. 308 (S.D. Ind. 1997), which cited several cases and observed:

> [A] plaintiff is not always entitled to discovery to respond to a motion to dismiss for lack of personal jurisdiction.... In many cases courts have properly limited or denied discovery on jurisdictional issues where the plaintiff has failed to make some threshold showing – sometimes called a "*prima facie*" showing, other times called a "colorable" showing – of a plausible basis for exercising jurisdiction over the defendant.... Requiring a threshold showing of a colorable basis for exercising jurisdiction is consistent with both the purpose of the due process requirement of minimum contacts and the district court's obligation to control discovery under Rule 26(b)(2).

*Id.* at 311 (citations omitted).

Thus, "[j]urisdictional discovery ... is justified only if the plaintiff reasonably demonstrates that it can supplement its jurisdictional allegations through discovery." *Kopff v. Battaglia*, 425 F. Supp. 2d 76, 89 (D.D.C. 2006) (internal quotation omitted). However, when, as here, a defendant has introduced jurisdictional evidence demonstrating limited contacts with the forum state, a plaintiff cannot obtain discovery absent some showing of defect in that evidence. For example, in 2003, the Fourth Circuit held that a district court acted within its discretion in refusing to allow jurisdictional discovery where it found "a lack of any concrete proffer by [plaintiff], no indication of fraud or intentional misconduct on the part of [defendant] in its jurisdiction affidavits, and no reason to believe that the additional information [that plaintiff sought] ... would ... alter [the] analysis of personal jurisdiction." *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 403 (4th Cir. 2003) (internal quotations omitted).

IV. **ARGUMENT**

A. **AUO's Motion Is Defective**

AUO's Motion should be denied as not properly presenting the issue of jurisdictional discovery to the Court. As noted above, the issue was already presented by AUO in its opposition to LPLA's Motion to Dismiss. LPLA should not have to spend time and money responding to this discovery when a ruling by the Court may make it moot, especially when such costs are in addition to those incurred by responding to merits discovery.

Further, AUO's Motion is not the proper vehicle for the relief sought because AUO failed to obtain leave of the Court before serving its jurisdictional discovery. Although AUO's Motion denies that such leave is necessary, it does not cite any cases supporting its position. For example, while AUO correctly notes that two decades ago the Third Circuit stated in *Nehemiah v. Athletics Congress of the U.S.A.*, 765 F.2d 42, 48 (3d Cir. 1985), that jurisdictional discovery should be granted unless "the plaintiff's claim is clearly frivolous," AUO ignores that this language suggests a standard by which leave should be granted and does not stand for the proposition that jurisdictional discovery can be served without leave.

B. **AUO Has Not Shown that the Proposed Discovery Would Be Useful**

Notwithstanding these deficiencies, the Court should deny AUO's request for jurisdictional discovery because AUO has not made a showing that the requested discovery would bolster its arguments that personal jurisdiction is appropriate. Indeed, AUO's Motion makes little or no effort to show how its proposed discovery relates to the arguments that AUO advanced in opposition to LPLA's Motion to Dismiss. Instead, AUO's Motion spends several pages on LPLA's allegedly "boilerplate objections" when the real issue is whether AUO's requests are simply "boilerplate."

Further, AUO makes no showing that the evidence submitted by LPLA to the Court is fraudulent or misrepresentative of the jurisdictional facts. *See, e.g., Shamsuddin v. Vitamin Research Prods.*, 346 F. Supp. 2d 804, 818 (D. Md. 2004) ("[Defendant] has denied, in an affidavit, that it ever has conducted promotional advertising in print, electronic, or other media specifically targeted toward consumers in Maryland. I am not persuaded that jurisdictional discovery is warranted.").

### C. AUO's Jurisdictional Discovery Requests Are Overly Broad

Even if the Court concludes that jurisdictional discovery is warranted, AUO's discovery requests should be rejected as overly broad. Consider, for example, the following representative requests:

> "Documents describing and/or reflecting the identity and geographic location of each and every LPLA customer, distributor, or representative that markets, sells, offers for sale, or distribute LCD Modules or products that incorporate LCD Modules in the United States." (No. 1)
>
> "Documents describing and/or reflecting communications between LPLA and its customers, distributors, or representatives related to the advertising, marketing, sales, distribution, or technical support for LCD Modules in the United States or the State of Wisconsin." (No. 9)
>
> "All documents relating to communications LPLA has had with any retail outlets which do business in Wisconsin including but not limited to Best Buy, Circuit City, CompUSA Stores LP, Wal-Mart, Fry's, Target, Costco, Amazon.com, Radio Shack, Buttorff's Hardware Inc., Guild's TV Sales & Service, American TV & Appliance of Madison, Inc., Audio Contractors, Chase TV, Fuzzy's Audio Video, Silica Appliance and Electronics, Lyle's TV & Appliance Inc., ACS, Dan's Audio Video, East Town TV & Appliance, Barthel TV, and similar retailers." (No. 14)
>
> "All documents in LPLA's possession that reference Wisconsin." (No. 21)

(Second Panneck Decl., Ex. B.)

LPLA respectfully submits that these document requests illustrate the extent to which AUO is on a fishing expedition at LPLA's expense. The proposed discovery is not narrowly tailored, and should be denied as unwarranted and unduly burdensome. *See, e.g., Richards v. Duke Univ.*, No. 06-01179 (RCL), 2007 U.S. Dist. LEXIS 22864, at *13 (D.D.C. Mar. 30, 2007) ("This Court will not allow plaintiff to undertake the sort of fishing expedition that the rules of jurisdictional discovery are designed to prevent. Therefore, this court will deny plaintiff's motion for leave to take jurisdictional discovery regarding [the defendants].").

## V.   CONCLUSION

For the foregoing reasons, LPLA respectfully requests that this Court deny AUO's motion to compel jurisdictional discovery and stay such discovery until the Court has ruled on LPLA's motion to dismiss.

Dated: May 22, 2007

Respectfully submitted,

GODFREY & KAHN, S.C.

Brady C. Williamson
James D. Peterson
Jennifer Cotner
One East Main Street, Suite 500
P.O. Box 2719
Madison, WI 53701-2719
Tel: (608) 257-3911
Fax: (608) 257-0609

*Of Counsel*

Gaspare J. Bono
R. Tyler Goodwyn
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, DC  20006
Tel:  (202) 496-7500
Fax:  (202) 496-7756
*Pro Hac Vice* applications pending

*Counsel for Defendant LG.Philips LCD America*

mn316288_1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DOC NO
REC'D/FILED
2007 MAY 22 PM 4: 14

THERESA M. OWENS
CLERK US DIST COURT
WD OF WI

| | |
|---|---|
| AU OPTRONICS CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 07-C-0137-S |
| | ) |
| LG.PHILIPS LCD CO., LTD. and | ) |
| LG.PHILIPS LCD AMERICA, | ) |
| | ) |
| Defendants. | ) |

### CERTIFICATE OF SERVICE

Nicole Talbott Settle hereby certifies that on May 22, 2007, true and correct copies of the attached:

- **LG.PHILIPS LCD AMERICA'S MEMORANDUM IN OPPOSITION OF PLAINTIFF'S MOTION TO COMPEL JURISDICTIONAL DISCOVERY;**
- **DECLARATION OF NICOLE TALBOTT SETTLE; and**
- **CERTIFICATE OF SERVICE.**

were caused to be served upon attorneys of record at the following addresses in the following manner:

MICHAEL BEST & FRIEDRICH LLP
James R. Troupis
Michael A. Hughes
One South Pinckney Street, Suite 700
P.O. Box 1806
Madison, WI 53701-1806
jrtroupis@michaelbest.com
mahughes@michaelbest.com
**Hand Delivered and by email.**

M. Craig Tyler
Brian D. Range
8911 Capital of Texas Highway North
Westech 360, suite 3350
Austin, TX 78759-8497
ctyler@wsgr.com
brange@wsgr.com
**By email and overnight delivery**

WILSON SONSINI GOODRICH & ROSATI
Ron E. Shulman
Steven Baik
650 Page Mill Road
Palo Alto, CA 94304-1050
rshulman@wsgr.com
sbaik@wsgr.com
**By email and overnight delivery**

Dated: May 22, 2007.

Nicole Talbott Settle

mn316127_1