# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| AU OPTRONICS CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> LG.PHILIPS LCD CO., LTD. and LG.PHILIPS LCD AMERICA, INC., <br><br> Defendants. | Civil Action No.  07-357-UNA <br><br> **JURY TRIAL DEMANDED** |
| LG.PHILIPS LCD CO., LTD. and LG.PHILIPS LCD AMERICA, INC., <br><br> Counterclaim Plaintiffs, <br><br> v. <br><br> AU OPTRONICS CORPORATION, <br><br> Counterclaim Defendant. | **JURY TRIAL DEMANDED** |

## LG.PHILIPS LCD AMERICA, INC.'S ANSWER AND COUNTERCLAIMS AGAINST PLAINTIFF

Defendant LG.Philips LCD America, Inc. ("LPL America"), by and through its undersigned counsel, hereby files its Answer and Counterclaims in Response to the Complaint of Plaintiff AU Optronics Corporation ("Plaintiff" or "AUO"), in the above titled action, filed originally in the Western District of Wisconsin on March 8, 2007 and transferred to this District on May 30, 2007.  A jury trial is demanded for all claims so triable.

662436-1

## RESPONSE TO COMPLAINT AND DEMAND FOR JURY TRIAL

1.      LPL America admits the allegations of paragraph 1 of the Complaint.

2.      LPL America admits the allegations of paragraph 2 of the Complaint.

3.      LPL America admits the allegations of paragraph 3 of the Complaint.

4.      LPL America admits that this is an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*  To the extent the remaining allegations of paragraph 4 refer to the District of Delaware, LPL America admits the allegations of paragraph 4, otherwise LPL America denies the allegations of paragraph 4.

5.      To the extent that paragraph 5 now refers to the District of Delaware, LPL America admits the allegations of paragraph 5 of the Complaint, otherwise LPL America denies the allegations of paragraph 5.

6.      LPL America admits that Exhibit A to the Complaint purports to be a copy of United States Patent No. 6,689,629, entitled "Array Substrate For Display, Method Of Manufacturing Array Substrate For Display And Display Device Using The Array Substrate" ("the '629 patent"), but LPL America lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 6 of the Complaint, and therefore denies them.

7.      LPL America admits that Exhibit B to the Complaint purports to be a copy of United States Patent No. 6,976,781, entitled "Frame And Bezel Structure For Backlight Unit" ("the '781 patent"), but LPL America lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 7 of the Complaint, and therefore denies them.

8.      LPL America admits that Exhibit C to the Complaint purports to be a copy of United States Patent No. 6,778,160, entitled "Liquid-Crystal Display, Liquid-Crystal Control Circuit, Flicker Inhibition Method, And Liquid-Crystal Driving Method" ("the '160 patent"), but LPL America lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 8 of the Complaint, and therefore denies them.

### RESPONSE TO COUNT ONE

9.      LPL America denies the allegations in paragraph 9 of the Complaint.

10.     LPL America denies the allegations in paragraph 10 of the Complaint.

11.     LPL America denies the allegations in paragraph 11 of the Complaint.

### RESPONSE TO COUNT TWO

12.     LPL America denies the allegations in paragraph 12 of the Complaint.

13.     LPL America denies the allegations in paragraph 13 of the Complaint.

14.     LPL America denies the allegations in paragraph 14 of the Complaint.

### RESPONSE TO COUNT THREE

15.     LPL America denies the allegations in paragraph 15 of the Complaint.

16.     LPL America denies the allegations in paragraph 16 of the Complaint.

17.     LPL America denies the allegations in paragraph 17 of the Complaint.

### RESPONSE TO PRAYER FOR RELIEF

As to paragraphs 1 through 6 of the Prayer For Relief, LPL America denies that AUO is entitled to the requested relief.

### AFFIRMATIVE DEFENSES

Without conceding that any of the following necessarily must be pleaded as an affirmative defense, or that any of the following are not already at issue by virtue of the

foregoing denials, and without prejudice to LPL America's right to plead additional defenses as discovery into the facts of the matter warrants, LPL America hereby asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

18.    One or more claims of the Asserted AUO Patents are invalid for failing to meet one or more of the requisite conditions or requirements for patentability specified by 35 U.S.C. §§ 101, 102, 103, and/or 112.

## SECOND AFFIRMATIVE DEFENSE

19.    LPL America does not infringe, has not infringed and is not now infringing, and has neither, directly or indirectly induced nor contributed to the infringement of any of the Asserted AUO Patents.

## THIRD AFFIRMATIVE DEFENSE

20.    AUO has failed to state a claim for which relief can be granted.

## FOURTH AFFIRMATIVE DEFENSE

21.    Pursuant to 35 U.S.C. § 287(b), LPL America is not liable for damages for infringement under any section of 35 U.S.C. § 271 before receiving notice of AUO's allegations of infringement in this action.

## FIFTH AFFIRMATIVE DEFENSE

22.    AUO's claims are barred, in whole or in part, because of the affirmative defense of license.

## COUNTERCLAIMS

23.    As for their Counterclaims in the above-referenced action, Counterclaim Plaintiff LG.Philips America, Inc. hereby pleads as follows.

662436-1

24.    Counterclaim Plaintiff LG.Philips LCD Co., Ltd. ("LPL") is a Korean corporation having its head office at 18th Floor, West Tower, LG Twin Towers, 20 Yoido-dong, Youngdungpo-gu, Seoul, Republic of Korea 150-721.

25.    Counterclaim Plaintiff LG.Philips LCD America, Inc. ("LPL America") is a California corporation having its principal place of business at 150 East Brokaw Road, San Jose, California 95112-4203.

26.    Counterclaim Defendant AU Optronics Corporation ("AUO") is a Taiwanese corporation, having its principal place of business at 1, Li-Hsin Rd., II, Science-Based Industrial Park, Hsinchu City 30077 Taiwan, ROC.

27.    AUO claims to be the owner by assignment of United States Patent No. 6,976,781 ("the '781 Patent"), United States Patent No. 6,778,160 ("the '160 Patent"), and United States Patent No. 6,689,629 ("the '629 Patent") (collectively "the AUO Patents").

28.    These Counterclaims are under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Patent Laws of the United States, based upon an actual controversy between LPL America and AUO regarding the validity and infringement of the claims of the AUO Patents, and is intended to provide appropriate and necessary declaratory relief.

29.    This Court has jurisdiction over the Counterclaims for declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, under the laws of the United States concerning actions relating to patents, 28 U.S.C. § 1338(a), and under 28 U.S.C. § 1331.

30.    This Court has personal jurisdiction and venue over AUO because, *inter alia*, AUO has submitted itself to the jurisdiction of this Court.

## COUNTERCLAIM COUNT I
## CLAIM FOR DECLARATORY JUDGMENT OF INVALIDITY OF THE '781 PATENT, THE '160 PATENT, AND THE '629 PATENT AGAINST DEFENDANT AU OPTRONICS CORPORATION

31.    LPL America hereby incorporates paragraphs 23-30 above as though fully set forth herein.

32.    AUO has accused LPL America of infringing the AUO Patents by filing a complaint in the U.S. District Court for the Western District of Wisconsin.  As such, there is a substantial controversy between the parties having adverse legal interests.

33.    Claims of the '781 Patent are invalid for failure to satisfy one or more of the requirements for patentability set forth in Title 35 of the United States Code.

34.    Claims of the '160 Patent are invalid for failure to satisfy one or more of the requirements for patentability set forth in Title 35 of the United States Code.

35.    Claims of the '629 Patent are invalid for failure to satisfy one or more of the requirements for patentability set forth in Title 35 of the United States Code.

36.    Because AUO has asserted the AUO Patents against LPL America, thereby creating an actual controversy, declaratory relief is both appropriate and necessary to establish that one or more of the claims of the '781 Patent, the '160 Patent, and the '629 Patent are invalid.

662436-1

**COUNTERCLAIM COUNT II**
**CLAIM FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF**
**THE '781 PATENT, THE '160 PATENT, AND THE '629 PATENT**
**AGAINST DEFENDANT AU OPTRONICS CORPORATION**

37.     LPL America hereby incorporates paragraphs 23-36 above as though fully set forth herein.

38.     LPL America's LCD modules do not infringe any claim of the '781 Patent, either literally or under the doctrine of equivalents.

39.     LPL America's LCD modules and/or methods of driving LCD modules do not infringe any claim of the '160 Patent, either literally or under the doctrine of equivalents.

40.     LPL America's LCD modules and/or methods for forming LCD modules do not infringe any claim of the '629 Patent, either literally or under the doctrine of equivalents.

41.     Because AUO maintains that LPL America infringes the AUO Patents, thereby creating an actual controversy, a declaration of rights between LPL America and AUO is both appropriate and necessary to establish that LPL America has not infringed and does not infringe any claim of the '781 Patent, the '160 Patent, or the '629 Patent.

**PRAYER FOR RELIEF**

**WHEREFORE**, LPL America prays for judgment as follows:

A.     That the Court dismiss AUO's Complaint with prejudice;

B.     That the Court issue a declaratory judgment that LPL America does not directly or indirectly infringe any Asserted AUO Patent under any applicable provision of 35 U.S.C. § 271;

662436-1

C.      That the Court issue a declaratory judgment that the Asserted AUO

Patents are invalid;

D.      That the Court issue a declaratory judgment that the Asserted AUO

Patents are unenforceable;

E.      That the Court declare this to be an exceptional case under 35 U.S.C.

§ 285 and award LPL America its costs and reasonable attorneys' fees; and

F.      That the Court award LPL America other relief as it may find appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, LG.Philips LCD

America, Inc. respectfully demands a trial by jury on all issues so triable in this action.


June 11, 2007

                                        THE BAYARD FIRM

                                        /s/ Richard D. Kirk (rk0922)
                                        Richard D. Kirk (Bar I.D. 922)
                                        Ashley B. Sitizer (Bar I.D. 3891)
                                        222 Delaware Avenue, Suite 900
                                        P.O. Box 25130
                                        Wilmington, DE 19899
                                        (302) 655-5000
                                        Attorneys for Defendant/Counterclaim-
                                        Plaintiff LG.Philips LCD Co., Ltd.

OF COUNSEL:

Gaspare J. Bono
R. Tyler Goodwyn
Lora A. Brzezynski
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, D.C.  20006
(202) 496-7500

8

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on June 11, 2007, he served the foregoing

documents by hand upon the following counsel:

Karen L. Pascale
John W. Shaw
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391


The undersigned counsel further certifies that, on June 11, 2007, he served the

foregoing documents by U.S. Mail upon the following counsel:

Ron E. Shulman, Esquire
Steven Baik, Esquire
WILSON SONSINI GOODRICH &
ROSATI
650 Page Mill Road
Palo Alto, California 94304-1050

M. Craig Tyler, Esquire
Brian D. Range, Esquire
WILSON SONSINI GOODRICH &
ROSATI
8911 Capital of Texas Highway North
Westech 360, Suite 3350


James R. Troupis, Esquire
Paul D. Barbato, Esquire
MICHAEL BEST & FRIEDRICH LLP
One South Pinckney Street
Suite 700
P.O.Box 1806
Madison, WI  53701-1806


/s/ Richard D. Kirk (rk922)
Richard D. Kirk