IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AU OPTRONICS CORPORATION,<br><br>Plaintiff,<br>v.<br><br>LG. PHILIPS LCD CO., LTD. and<br>LG. PHILIPS LCD AMERICA, INC.<br><br>Defendants.<br><br>―――――――――――――――<br><br>LG. PHILIPS LCD CO., LTD. and<br>LG. PHILIPS LCD AMERICA, INC.<br><br>Counterclaim Plaintiffs,<br>v.<br><br>AU OPTRONICS CORPORATION;<br>AU OPTRONICS CORPORATION<br>AMERICA; CHI MEI OPTOELECTRONICS<br>CORPORATION; and CHI MEI<br>OPTOELECTRONICS USA, INC.,<br><br>Counterclaim Defendants. | C.A. No. 07-357-JJF<br><br>JURY TRIAL DEMANDED<br><br><br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

**AU OPTRONICS CORPORATION AMERICA'S REPLY
TO LG.PHILIPS LCD CO. LTD.'S COUNTERCLAIMS
AND COUNTERCLAIMS AGAINST LG.PHILIPS LCD CO. LTD.**

AU OPTRONICS CORPORATION AMERICA ("AUOA") hereby replies to LG.Philips LCD Co. Ltd.'s ("LPL") counterclaims filed on or on about June 11, 2007, asserts affirmative defenses to those claims, and asserts counterclaims against LPL.

**REPLY TO COUNTERCLAIMS**

1.  With regard to paragraph 23, AUOA denies that LPL is entitled to any relief by virtue of its counterclaims.

2. AUOA is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 24 and therefore denies them.

3. AUOA is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 25 and therefore denies them.

4. AUOA admits that AUO is a Taiwanese corporation, and it has a place of business at No. 1, LI-Hsin Road 2, Hsinchu Science Park, Hsinchu Taiwan, R.O.C., and that it manufactures LCD products. AUOA further avers that the remaining allegations in paragraph 26 contain characterizations and generalizations in violation of Fed. R. Civ. P. 8's requirement that "[e]ach averment of a pleading shall be simple, concise, and direct," and otherwise denies such allegations.

5. AUOA admits that it is a California corporation, and it has a place of business at 1800 Wyatt Drive, Suite 7, Santa Clara, CA 35054. AUOA further avers that the remaining allegations in paragraph 26 contain characterizations and generalizations in violation of Fed. R. Civ. P. 8's requirement that "[e]ach averment of a pleading shall be simple, concise, and direct," and otherwise denies such allegations.

6. AUOA is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 28 and therefore denies them.

7. AUOA is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 29 and therefore denies them.

8. AUOA is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 30 and therefore denies them.

9. AUOA admits the allegations of paragraph 31.

10. AUOA admits that LPL's Counterclaims purport to set forth claims arising under the patent laws of the United States (Title 35 of the United States Code). AUOA is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 32 and therefore denies them.

11. AUOA admits that LPL's Counterclaims purport to set forth a declaratory judgment claim under 28 U.S.C. §§ 2201 and 2202, and under the patent laws of the United States (Title 35 of the United States Code). AUOA is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 33 and therefore denies them.

12. AUOA understands that paragraph 34 references LPL's patent infringement claims, and on that basis, subject matter jurisdiction is proper over LPL's patent infringement claims against AUOA under 28 U.S.C. § 1331 and 1338(a).

13. AUOA understands paragraph 35 to refer to subject matter jurisdiction. AUOA is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 35 and therefore denies them.

14. AUOA is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 36 and therefore denies them.

15. AUOA is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 37 and therefore denies them.

16. AUOA denies the allegations of paragraph 38 that are directed at AUOA. AUOA is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 38 and therefore denies them.

## THE PATENTS-IN-SUIT

17. AUOA admits that the '274 Patent appears to be entitled "Thin-Film Transistor And Method Of Making Same." AUOA denies that the '274 Patent was duly and legally issued. AUOA is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 39 and therefore denies them.

18. AUOA admits that the '321 Patent appears to be entitled "Thin-Film Transistor And Method Of Making Same." AUOA denies that the '321 Patent was duly and legally issued. AUOA is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 40 and therefore denies them.

19. AUOA admits that the '489 Patent appears to be entitled "Thin-Film Transistor And Method Of Making Same." AUOA denies that the '489 Patent was duly and legally issued. AUOA is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 41 and therefore denies them.

20. AUOA is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 42 and therefore denies them.

21. AUOA denies the allegations of paragraph 43 that are directed at AUOA. AUOA is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 43 and therefore denies them.

## COUNT I

22. AUOA refers to and incorporates herein its responses to paragraphs 23-43 above.

23. AUOA denies the allegations in paragraph 45 that are directed to AUOA. As to the remaining allegations in paragraph 45 that are directed to the co-defendants in this action,

AUOA is without sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies them.

24.  AUOA denies the allegations in paragraph 46 that are directed to AUOA. As to the remaining allegations in paragraph 46 that are directed to the co-defendants in this action, AUOA is without sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies them.

25.  AUOA denies the allegations in paragraph 47 that are directed to AUOA. As to the remaining allegations in paragraph 47 that are directed to the co-defendants in this action, AUOA is without sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies them.

26.  AUOA denies the allegations in paragraph 48 that are directed to AUOA. As to the remaining allegations in paragraph 48 that are directed to the co-defendants in this action, AUOA is without sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies them.

## COUNT II

27.  AUOA refers to and incorporates herein its responses to paragraphs 23-48 above.

28.  AUOA denies the allegations in paragraph 50 that are directed to AUOA. As to the remaining allegations in paragraph 50 that are directed to the co-defendants in this action, AUOA is without sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies them.

29.  AUOA denies the allegations in paragraph 51 that are directed to AUOA. As to the remaining allegations in paragraph 51 that are directed to the co-defendants in this action,

AUOA is without sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies them.

30.     AUOA denies the allegations in paragraph 52 that are directed to AUOA. As to the remaining allegations in paragraph 52 that are directed to the co-defendants in this action, AUOA is without sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies them.

31.     AUOA denies the allegations in paragraph 53 that are directed to AUOA. As to the remaining allegations in paragraph 53 that are directed to the co-defendants in this action, AUOA is without sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies them.

## COUNT III

32.     AUOA refers to and incorporates herein its responses to paragraphs 23-53 above.

33.     AUOA denies the allegations in paragraph 55 that are directed to AUOA. As to the remaining allegations in paragraph 55 that are directed to the co-defendants in this action, AUOA is without sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies them.

34.     AUOA denies the allegations in paragraph 56 that are directed to AUOA. As to the remaining allegations in paragraph 56 that are directed to the co-defendants in this action, AUOA is without sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies them.

35.     AUOA denies the allegations in paragraph 57 that are directed to AUOA. As to the remaining allegations in paragraph 57 that are directed to the co-defendants in this action,

AUOA is without sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies them.

36. AUOA denies the allegations in paragraph 58 that are directed to AUOA. As to the remaining allegations in paragraph 58 that are directed to the co-defendants in this action, AUOA is without sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies them.

## COUNT IV

37. Count IV and paragraphs 59 to 64 are not directed at AUOA, so no response is required.

## COUNT IV

38. Count V and paragraphs 65 to 69 are not directed at AUOA, so no response is required.

## AFFIRMATIVE DEFENSES

Without conceding that any of the following necessarily must be pleaded as an affirmative defense, or that any of the following are not already at issue by virtue of the foregoing denials, and without prejudice to AUOA's right to plead additional defenses as discovery into the facts of the matter warrants, AUOA hereby asserts the following affirmative defenses.

### First Affirmative Defense

39. As a First and Separate Affirmative Defense to LPL's Counterclaims, AUOA alleges that the Amended Complaint fails to state a claim upon which relief may be granted and fails to set forth facts sufficient to state a claim for relief against AUOA.

### Second Affirmative Defense

40. As a Second and Separate Affirmative Defense to LPL's Counterclaims, AUOA alleges that its products and processes have not infringed, are not now infringing, and are not threatening to infringe upon any valid and enforceable claim of the '274 Patent, the '321 Patent, and/or the '737 Patent, either literally or under the doctrine of equivalents.

### Third Affirmative Defense

41. As a Third and Separate Affirmative Defense to LPL's Counterclaims, AUOA alleges that it has neither directly or indirectly contributed to the infringement of, nor induced another to infringe the '274 Patent, the '321 Patent, and/or the '489 Patent.

### Fourth Affirmative Defense

42. As a Fourth and Separate Affirmative Defense to LPL's Counterclaims, AUOA alleges that the '274 Patent, the '321 Patent, and/or the '489 Patent are invalid for failure to comply with one, or more, of the requirements of 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

### Fifth Affirmative Defense

43. As a Fifth and Separate Affirmative Defense to LPL's Counterclaims, AUOA alleges that LPL's claims are barred by the equitable doctrine of laches and/or estoppel.

### Sixth Affirmative Defense

44. As a Sixth and Separate Affirmative Defense to LPL's Counterclaims, AUOA alleges that LPL is precluded from construing such patents to cover AUOA's conduct and/or products, and is further estopped from asserting infringement under the doctrine of equivalents, on the basis of the statements made during the prosecution of one or more of the '274 Patent, the '321 Patent, and/or the '489 Patent..

**Seventh Affirmative Defense**

45. As a Seventh and Separate Affirmative Defense to LPL's Counterclaims, AUOA alleges that Plaintiff's damages are barred and/or limited by the provisions of 35 U.S.C. § 271, 286 and/or 287.

**ADDITIONAL COUNTERCLAIMS AGAINST LG.PHILIPS LCD CO., LTD.**

By these Counterclaims and pursuant to Rules 12 and/or 13 of the Federal Rules of Civil Procedure, Plaintiff/Counterclaimant AU Optronics Corporation America ("AUOA") seeks declaratory relief with respect to LPL's patent counterclaims.

**THE COUNTERCLAIM PARTIES**

46. Plaintiff and Counterclaimant AU Optronics Corporation America ("AUOA") is a corporation organized and existing under the laws of the California, with its principle place of business located in San Jose, California.

47. Defendant LG.Philips LCD Co., Ltd. ("LPL") alleges that it is a corporation organized and existing under the laws of the Republic of Korea, having its principal place of business at Seoul, Korea.

48. LPL claims to be the owner by assignment of United States Patent No. 5,905,274 ("the '274 Patent"), United States Patent No. 6,815,321 ("the '321 Patent"), and United States Patent No, 7,176,489 ("the '489 Patent") (collectively "the "LPL Patents").

49. These Counterclaims are based upon and arise under the Patent Laws of the United States, 35 U.S.C. § 100, *et seq.*, and in particular §§ 271, 281, 283, 284 and 285.

50. Additionally, these Counterclaims are under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Patent Laws of the United States, based upon an actual controversy between LPL and AUOA regarding the validity and claims of the LPL Patents, and is intended to provide appropriate and necessary declaratory relief.

9

## JURISDICTION AND VENUE

51.     This Court has jurisdiction over these Counterclaims under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, under the laws of the United States concerning actions relating to patents, 28 U.S.C. § 1338(a), and under 28 U.S.C. § 1331.

52.     This court has personal jurisdiction and venue over LPL because, *inter alia*, LPL submitted itself to the jurisdiction of this Court.

### Counterclaim Count One

### (Declaratory Judgment of Invalidity of the '274 Patent, the '321 Patent, and the '489 Patent)

53.     AUOA hereby incorporates paragraphs 46-52 above as though fully set forth herein.

54.     LPL has accused AUOA of infringing the LPL Patents by filing its counterclaims in this action. As such, there is substantial controversy between the parties having adverse legal interests.

55.     Claims of the '274 Patent are invalid for failure to satisfy one or more of the requirements for patentability set forth in Title 35 of the United States Code.

56.     Claims of the '321 Patent are invalid for failure to satisfy one or more of the requirements for patentability set forth in Title 35 of the United States Code.

57.     Claims of the '489 Patent are invalid for failure to satisfy one or more of the requirements for patentability set forth in Title 35 of the United States Code.

58.     Because LPL has asserted the LPL Patents against AUOA, thereby creating an actual controversy, declaratory relief is both appropriate and necessary to establish that one or more of the claims of the '274, Patent, the '321 Patent, and the '489 Patent are invalid.

## Counterclaim Count Two

### (Declaratory Judgment of Non-Infringement of the '274 Patent, the '321 Patent, and the '489 Patent)

59.   AUOA hereby incorporates paragraphs 46 - 58 above as though fully set forth herein.

60.   AUOA has not infringed and does not infringe any claim of the '274 Patent, either literally or under the doctrine of equivalents.

61.   AUOA has not infringed and does not infringe any claim of the '321 Patent, either literally or under the doctrine of equivalents.

62.   AUOA has not infringed and does not infringe any claim of the '489 Patent, either literally or under the doctrine of equivalents.

63.   Because LPL maintains that AUOA infringes the LPL Patents, thereby creating an actual controversy, a declaration of rights between LPL and AUOA is both appropriate and necessary to establish that LPL has not infringed and does not infringe any claim of the '781 Patent, the '160 Patent, or the '629 Patent.

## EXCEPTIONAL CASE

64.   This is an exceptional case under 35 U.S.C. § 285 and, as such, Plaintiff/Counterclaimant AUOA is entitled to recover from LPL the attorneys' fees and costs incurred in connection with this action.

## PRAYER FOR RELIEF

**WHEREFORE**, AUOA respectfully requests that the Court:

A.   Dismiss LPL's Counterclaims with prejudice;

B.   Enter judgment in favor of AUOA and declare that each of the claims of the '274 Patent, '321 Patent, and '489 Patent are invalid;

C.  Enter judgment in favor of AUOA and declare that AUOA has not infringed any claim of the '274 Patent, the '321 Patent, and '489 Patent either literally or under the doctrine of equivalents;

D.  Declare that this is an exceptional case under 35 U.S.C. § 285 and award to AUOA its attorneys' fees and costs; and

E.  Grant such other and further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, AU OPTRONICS CORPORATION AMERICA respectfully demands a trial by jury on all issues so triable in this action.

June 21, 2007

YOUNG CONAWAY STARGATT & TAYLOR LLP

/s/ Karen L. Pascale
_____
Richard H. Morse (#531) [rmorse@ycst.com]
John W. Shaw (#3362) [jshaw@ycst.com]
Karen L. Pascale (#2903) [kpascale@ycst.com]
The Brandywine Building
1000 West St., 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6600
*Attorneys for AU Optronics Corporation America*

OF COUNSEL:

PAUL HASTINGS JANOFSKY & WALKER LLP
Vincent K. Yip
Terry D. Garnett
Peter J. Wied
Jay C. Chiu
Hua Chen
515 South Flower Street, 25th Floor
Los Angeles, CA 90071
Telephone: (213) 683-6000

- and -

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
Ron E. Shulman
Julie M. Holloway
650 Page Mill Road
Palo Alto, California 94304-1050
Telephone: (650) 493-9300

M. Craig Tyler
Brian D. Range
8911 Capital of Texas Highway North
Westech 360, Suite 3350
Austin, Texas 78759-8497
Telephone: (512) 338-5400

13

# CERTIFICATE OF SERVICE

  I, Karen L. Pascale, Esquire, hereby certify that on June 21, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

  Richard D. Kirk [rkirk@bayardfirm.com]
  Ashley B. Stitzer [astitzer@bayardfirm.com]
  THE BAYARD FIRM
  222 Delaware Avenue, Suite 900
  P.O. Box. 25130
  Wilmington, DE 19899-5130
  (302) 655-5000
    *Attorneys for LG.Philips LCD Co., Ltd. and LG.Philips LCD America, Inc.*

  I further certify that I caused a copy of the foregoing document to be served by e-mail and hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

### *By E-mail*

  Gaspare J. Bono [gbono@mckennalong.com]
  Matthew T. Bailey [mbailey@mckennalong.com]
  R. Tyler Goodwyn, IV [tgoodwyn@mckennalong.com]
  Lora A. Brzezynski [lbrzezynski@mckennalong.com]
  Cass W. Christenson [cchristenson@mckennalong.com]
  MCKENNA LONG & ALDRIDGE LLP
  1900 K Street, NW
  Washington, DC 20006
  (202) 496-7500
    *Attorneys for LG.Philips LCD Co., Ltd. and LG.Philips LCD America, Inc.*

YOUNG CONAWAY STARGATT & TAYLOR LLP

June 21, 2007

/s/ *Karen L. Pascale*
Karen L. Pascale (No. 2903) *[kpascale@ycst.com]*
The Brandywine Building
1000 West St., 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Phone: 302-571-6600
  *Attorneys for AU Optronics Corporation America*