# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

AU OPTRONICS CORPORATION,       )
           Plaintiff,          )
                          )
             v.              )
                          )
LG.PHILIPS LCD CO., LTD. and     )
LG.PHILIPS LCD AMERICA, INC.,   )
        Defendants.        )
                          )

Civil Action No. 07-357 (JJF)

**JURY TRIAL DEMANDED**

LG.PHILIPS LCD CO., LTD. and
LG.PHILIPS LCD AMERICA, INC.,
        Counterclaim Plaintiffs,

           v.

AU OPTRONICS CORPORATION;
AU OPTRONICS CORPORATION OF
AMERICA; CHI MEI OPTOELECTRONICS
CORPORATION; AND CHI MEI
OPTOELECTRONICS USA, INC.,

        Counterclaim-Defendants.

## CHI MEI OPTOELECTRONICS USA, INC.'S
## ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
## TO THE COUNTERCLAIMS OF LG.PHILIPS LCD CO., LTD.

Comes now separate Counterclaim-Defendant Chi Mei Optoelectronics USA, Inc.

("CMO USA") by and through its attorneys of record, and for its Answer, Affirmative Defenses

and Counterclaims to the Counterclaims of LG.Philips LCD Co., Ltd., ("LPL") and states the

following:

1.      CMO USA admits that by its counterclaims LPL seeks injunctive and declaratory relief and damages, including treble or multiple damages against Plaintiff AU Optronics Corporation, and additional parties AU Optronics Corporation America, Chi Mei Optoelectronics Corporation, and Chi Mei Optoelectronics USA, Inc.  CMO USA denies the remaining allegations of Paragraph 23 of the Counterclaims.

2.      CMO USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Counterclaims, and therefore denies the same.

3.      CMO USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Counterclaims, and therefore denies the same.

4.      CMO USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Counterclaims, and therefore denies the same.

5.      CMO USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Counterclaims, and therefore denies the same.

6.      CMO USA admits that Chi Mei Optoelectronics Corporation ("Chi Mei") is a Taiwanese Corporation having its principal place of business at 2F, No. 1, Chi-Yeh Road, Tainan Science Based Industrial Park, Hsinshih Hsiang, Tainan Hsien 710, Taiwan 74147, R.O.C. CMO USA admits that Chi Mei manufactures components for LCD products in Taiwan and China, but lacks knowledge or information sufficient to form a belief as to the truth of the

remaining allegations contained in Paragraph 28 of the Counterclaims, and therefore denies the same.

7.     CMO USA admits that it is a domestic subsidiary of Chi Mei and that it is a Delaware corporation having its principal place of business at 101 Metro Drive, Suite 510, San Jose, California 95110. CMO USA denies the remaining allegations contained in Paragraph 29 of the Counterclaims.

8.     CMO USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Counterclaims, and therefore denies the same.

9.     CMO USA admits the allegations contained in Paragraph 31 of the Counterclaims.

10.     CMO USA admits, in response to Paragraph 32 of the Counterclaims, that the Counterclaims purport to be based on and arise under the patent laws of the United States, Title 35 § 100 *et seq*. CMO USA denies that LPL is entitled to any relief thereunder.

11.     CMO USA admits that the Counterclaims purport to arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and the patent laws of the United States. CMO USA denies that LPL is entitled to any relief thereunder. CMO USA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 33 of the Counterclaims, and therefore denies the same.

12.     CMO USA admits, in response to Paragraph 34 of the Counterclaims, that this Court has subject matter jurisdiction over the subject matter of the Counterclaims under 28 U.S.C. §§ 1331 and 1338(a).

13.     CMO USA admits that this Court has subject matter jurisdiction over the subject matter of the Counterclaims under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and the patent laws of the United States. CMO USA denies that LPL is entitled to any relief thereunder. CMO USA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 35 of the Counterclaims, and therefore denies the same.

14.     CMO USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Counterclaims, and therefore denies the same.

15.     CMO USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Counterclaims, and therefore denies the same.

16.     CMO USA admits that this Court has personal jurisdiction over CMO USA. CMO USA denies that venue is proper for the purposes of this action with respect to CMO USA. CMO USA denies that it has committed and/or induced acts of patent infringement in this District. CMO USA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 38 of the Counterclaims, and therefore denies the same.

## THE PATENTS-IN-SUIT

17.     CMO USA admits that Exhibit A to the Counterclaims purports to be a copy of U.S. Patent No. 5,905,274 (the "'274 Patent"), entitled "Thin-Film Transistor and Method of Making Same," which on the face of the patent reflects an issue date of May 18, 1999. CMO

4

USA lacks knowledge or information sufficient to form a belief as to their truth as to the remaining allegations of Paragraph 39 of the Counterclaims, and therefore denies the same.

18.     CMO USA admits that Exhibit B to the Counterclaims purports to be a copy of U.S. Patent No. 6,815,321 (the "'321 Patent"), entitled "Thin-Film Transistor and Method of Making Same," which on the face of the patent reflects an issue date of November 9, 2004. CMO USA lacks knowledge or information sufficient to form a belief as to their truth as to the remaining allegations of Paragraph 40 of the Counterclaims, and therefore denies the same.

19.     CMO USA admits that Exhibit C to the Counterclaims purports to be a copy of U.S. Patent No. 7,176,489 (the "'489 Patent"), entitled "Thin-Film Transistor and Method of Making Same," which on the face of the patent reflects an issue date of February 13, 2007. CMO USA lacks knowledge or information sufficient to form a belief as to their truth as to the remaining allegations of Paragraph 41 of the Counterclaims, and therefore denies the same.

20.     CMO USA denies that LPL is entitled to any relief for any purported infringement of the Patents-in-Suit.  CMO USA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 42 of the Counterclaims, and therefore denies the same.

21.     To the extent the allegations of Paragraph 43 of the Counterclaims are directed to CMO USA, CMO USA denies the allegations contained in Paragraph 43 of the Counterclaims. To the extent the allegations of Paragraph 43 of the Counterclaims are directed to the remaining Counterclaim-Defendants, CMO USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Counterclaims, and therefore denies the same.

## COUNTERCLAIM COUNT I
## INFRINGEMENT OF THE '274 PATENT

22.    CMO USA, in response to Paragraph 44 of the Counterclaims, hereby incorporates by reference its responses to Paragraphs 1 - 21 above as if fully rewritten herein.

23.    To the extent the allegations of Paragraph 45 of the Counterclaims are directed to CMO USA, CMO USA denies the allegations contained in Paragraph 45 of the Counterclaims. To the extent the allegations of Paragraph 45 of the Counterclaims are directed to the remaining Counterclaim-Defendants, CMO USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Counterclaims, and therefore denies the same.

24.    To the extent the allegations of Paragraph 46 of the Counterclaims are directed to CMO USA, CMO USA denies the allegations contained in Paragraph 46 of the Counterclaims. To the extent the allegations of Paragraph 46 of the Counterclaims are directed to the remaining Counterclaim-Defendants, CMO USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Counterclaims, and therefore denies the same.

25.    To the extent the allegations of Paragraph 47 of the Counterclaims are directed to CMO USA, CMO USA denies the allegations contained in Paragraph 47 of the Counterclaims. To the extent the allegations of Paragraph 47 of the Counterclaims are directed to the remaining Counterclaim-Defendants, CMO USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Counterclaims, and therefore denies the same.

26.    To the extent the allegations of Paragraph 48 of the Counterclaims are directed to CMO USA, CMO USA denies the allegations contained in Paragraph 48 of the Counterclaims.

To the extent the allegations of Paragraph 48 of the Counterclaims are directed to the remaining Counterclaim-Defendants, CMO USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Counterclaims, and therefore denies the same.

## COUNTERCLAIM COUNT II
## INFRINGEMENT OF THE '321 PATENT

27.    CMO USA, in response to Paragraph 49 of the Counterclaims, hereby incorporates by reference its responses to Paragraphs 1 - 26 above as if fully rewritten herein.

28.    To the extent the allegations of Paragraph 50 of the Counterclaims are directed to CMO USA, CMO USA denies the allegations contained in Paragraph 50 of the Counterclaims. To the extent the allegations of Paragraph 50 of the Counterclaims are directed to the remaining Counterclaim-Defendants, CMO USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Counterclaims, and therefore denies the same.

29.    To the extent the allegations of Paragraph 51 of the Counterclaims are directed to CMO USA, CMO USA denies the allegations contained in Paragraph 51 of the Counterclaims. To the extent the allegations of Paragraph 51 of the Counterclaims are directed to the remaining Counterclaim-Defendants, CMO USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Counterclaims, and therefore denies the same.

30.    To the extent the allegations of Paragraph 52 of the Counterclaims are directed to CMO USA, CMO USA denies the allegations contained in Paragraph 52 of the Counterclaims. To the extent the allegations of Paragraph 52 of the Counterclaims are directed to the remaining Counterclaim-Defendants, CMO USA lacks knowledge or information sufficient to form a belief

as to the truth of the allegations contained in Paragraph 52 of the Counterclaims, and therefore denies the same.

31.    To the extent the allegations of Paragraph 53 of the Counterclaims are directed to CMO USA, CMO USA denies the allegations contained in Paragraph 53 of the Counterclaims. To the extent the allegations of Paragraph 53 of the Counterclaims are directed to the remaining Counterclaim-Defendants, CMO USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the Counterclaims, and therefore denies the same.

## COUNTERCLAIM COUNT III
## INFRINGEMENT OF THE '489 PATENT

32.    CMO USA, in response to Paragraph 54 of the Counterclaims, hereby incorporates by reference its responses to Paragraphs 1 - 31 above as if fully rewritten herein.

33.    To the extent the allegations of Paragraph 55 of the Counterclaims are directed to CMO USA, CMO USA denies the allegations contained in Paragraph 55 of the Counterclaims. To the extent the allegations of Paragraph 55 of the Counterclaims are directed to the remaining Counterclaim-Defendants, CMO USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Counterclaims, and therefore denies the same.

34.    To the extent the allegations of Paragraph 56 of the Counterclaims are directed to CMO USA, CMO USA denies the allegations contained in Paragraph 56 of the Counterclaims. To the extent the allegations of Paragraph 56 of the Counterclaims are directed to the remaining Counterclaim-Defendants, CMO USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Counterclaims, and therefore denies the same.

35.    To the extent the allegations of Paragraph 57 of the Counterclaims are directed to CMO USA, CMO USA denies the allegations contained in Paragraph 57 of the Counterclaims. To the extent the allegations of Paragraph 57 of the Counterclaims are directed to the remaining Counterclaim-Defendants, CMO USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of the Counterclaims, and therefore denies the same.

36.    To the extent the allegations of Paragraph 58 of the Counterclaims are directed to CMO USA, CMO USA denies the allegations contained in Paragraph 58 of the Counterclaims. To the extent the allegations of Paragraph 58 of the Counterclaims are directed to the remaining Counterclaim-Defendants, CMO USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Counterclaims, and therefore denies the same.

**COUNTERCLAIM COUNT IV**
**CLAIM FOR DECLARATORY JUDGMENT OF INVALIDITY OF**
**THE '781 PATENT, THE '160 PATENT, AND THE '629 PATENT**
**AGAINST DEFENDANT AU OPTRONICS CORPORATION**

37.    CMO USA, in response to Paragraph 59 of the Counterclaims, hereby incorporates by reference its responses to Paragraphs 1 - 36 above as if fully rewritten herein.

38.    CMO USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Counterclaims, and therefore denies the same.

39.    CMO USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the Counterclaims, and therefore denies the same.

40.    CMO USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the Counterclaims, and therefore denies the same.

41.    CMO USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of the Counterclaims, and therefore denies the same.

42.    CMO USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the Counterclaims, and therefore denies the same.

## COUNTERCLAIM COUNT V
### CLAIM FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '781 PATENT, THE '160 PATENT, AND THE '629 PATENT AGAINST DEFENDANT AU OPTRONICS CORPORATION

43.    CMO USA, in response to Paragraph 65 of the Counterclaims, hereby incorporates by reference its responses to Paragraphs 1 - 42 above as if fully rewritten herein.

44.    CMO USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 of the Counterclaims, and therefore denies the same.

45.    CMO USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of the Counterclaims, and therefore denies the same.

46.    CMO USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of the Counterclaims, and therefore denies the same.

47.    CMO USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the Counterclaims, and therefore denies the same.

## AFFIRMATIVE DEFENSES

CMO USA alleges that the '274 Patent, '321 Patent, and '489 Patent are not infringed and are invalid for one or more of the following reasons:

### FIRST AFFIRMATIVE DEFENSE

1.    The '274 Patent, '321 Patent, and '489 Patent are invalid because the alleged inventions patented thereby fails to meet one or more of the conditions for patentability specified in Title 35 of the United States Code, including without limitation sections 101, 102, 103, and/or 112.

### SECOND AFFIRMATIVE DEFENSE

2.    LPL is estopped in view of the prior art and/or by virtue of cancellations, amendments, representations, and concessions, made to the United States Patent and Trademark Office, during the pendency of the application for the '274 Patent, '321 Patent, and '489 Patent, from construing any claim of that patent to be infringed or to have been infringed by CMO USA.

### THIRD AFFIRMATIVE DEFENSE

3.    To the extent that LPL failed to properly mark any of their relevant products as required by 35 U.S.C. § 287, or otherwise give proper notice that CMO USA's actions allegedly infringed the '274 Patent, '321 Patent, and '489 Patent, CMO USA is not liable to LPL for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the '274 Patent, '321 Patent, and '489 Patent.

## FOURTH AFFIRMATIVE DEFENSE

4.    To the extent that LPL asserts that CMO USA indirectly infringes, either by contributory infringement or inducement of infringement, CMO USA is not liable to LPL for the acts alleged to have been performed before CMO USA knew that its actions would cause the alleged indirect infringement.

## FIFTH AFFIRMATIVE DEFENSE

5.    LPL is barred from relief by the doctrines of waiver, estoppel, laches, unclean hands, and/or other applicable equitable defenses.

## SIXTH AFFIRMATIVE DEFENSE

6.    LPL's claims for relief and prayer for damages are limited by at least 35 U.S.C. §§ 286 and 287.

## SEVENTH AFFIRMATIVE DEFENSE

7.    LPL has failed to state a claim upon which relief can be granted.

## COUNTERCLAIMS

1.    Counterclaim-Defendant Chi Mei Optoelectronics USA, Inc. ("CMO USA") asserts the following counterclaims against Defendant / Counterclaim-Plaintiff LG.Philips LCD Co., Ltd. ("LPL").

2.    This is an action to declare United States Patent Nos. 5,905,274 (the "'274 Patent"); 6,815,321 (the "'321 Patent"); and 7,176,489 (the "'489 Patent") not infringed by CMO USA and/or invalid and for attorney fees and costs.

3.    By the filing of its Counterclaims, LPL has purported to assert a claim against CMO USA for the alleged infringement of the '274 Patent, '321 Patent, and '489 Patent.

4.    CMO USA has not infringed, contributed to the infringement of, or induced the infringement of any valid claim of the '274 Patent, '321 Patent, or '489 Patent.

5.    An actual controversy exists between the parties with respect to the infringement, validity, and scope of the '274 Patent, '321 Patent, and '489 Patent.

## THE PARTIES

6.    CMO USA is a Delaware corporation having its principal place of business at 101 Metro Drive, Suite 510, San Jose, California 95110.

7.    LPL is a Korean corporation having its head office at 18th Floor, West Tower, LG Twin Towers, 20 Yoido-dong, Youngdungpo-gu, Seoul, Republic of Korea 150-721.

## JURISDICTION AND VENUE

8.    This action arises under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the patent laws of the United States, 35 U.S.C. § 100 *et seq.*

9.    This Court has jurisdiction over these counterclaims under 28 U.S.C. §§ 1331 and 1338(a).

10.    To the extent that this action remains in this District, venue is appropriate pursuant to 28 U.S.C. § 1391.

11.    LPL is subject to personal jurisdiction in this Court.

## COUNT I
## DECLARATION OF INVALIDITY

12.    CMO USA incorporates paragraphs 1 - 11 as if fully stated herein.

13.    Each claim of the '274 Patent, '321 Patent, and '489 Patent is invalid because, among other things, it does not meet one or more of the conditions of patentability set forth in Title 35, including by way of example, §§ 102, 103 and/or 112.

14.    A judicial declaration of invalidity is necessary to resolve the actual controversy relative to the '274 Patent, '321 Patent, and '489 Patent.

## COUNT II
## DECLARATION OF NON-INFRINGEMENT

15.    CMO USA incorporates paragraphs 1 - 14 as if fully stated herein.

16.    CMO USA has denied LPL's claims of infringement and believes that LPL's Counterclaims have been filed without good cause.

17.    LPL is estopped, in view of the prior art and/or by virtue of cancellations, amendments, representations, and/or concessions made to the United States Patent and Trademark Office during the pendency of the application for the '274 Patent, '321 Patent, and '489 Patent, from construing any claim of the '274 Patent, '321 Patent, and '489 Patent to be infringed or to have been infringed by CMO USA.

18.    CMO USA is entitled to judgment from this Court that the aforementioned patents are not infringed by CMO USA and that CMO USA has not induced or contributed to any infringement of the aforementioned patents.

19.    LPL also has filed this action without a good faith basis, making this an exceptional case.  Consequently, LPL is liable for any and all attorneys' fees incurred by CMO USA in connection with this baseless action by LPL.


WHEREFORE, Counterclaim-Defendant CMO USA respectfully requests that the Court enter judgment in its favor and against LPL as follows:

(a)    that this Court adjudge, decree, and declare that U.S. Patent Nos. 5,905,274; 6,815,321; and 7,176,489 are invalid and/or not infringed, either directly, contributorily or through inducement, by CMO USA;

(b)      That LPL take nothing by its Counterclaims and that LPL's Counterclaims be dismissed with prejudice;

(c)      That pursuant to 35 U.S.C. § 285 and/or other applicable laws, LPL's conduct in commencing and pursuing this action be found to render this an exceptional case and that CMO USA be awarded its attorneys' fees incurred in connection with this action;

(d)      That CMO USA be awarded its expenses and costs of suit incurred herein; and

(e)      That CMO USA be granted such other and additional relief as this Court deems just and proper.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Kenneth R. Adamo
Robert C. Kahrl
Arthur P. Licygiewicz
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH  44114-1190
(216) 586-3939

Dated:  July 2, 2007
804999

By: _____

    Philip A. Rovner (#3215)
    Hercules Plaza
    P. O. Box 951
    Wilmington, DE  19899
    (302) 984-6000
    provner@potteranderson.com

*Attorneys for Counterclaim-Defendant.*
*Chi Mei Optoelectronics USA, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on July 2, 2007, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

**BY CM/ECF, -EMAIL AND HAND DELIVERY**

Richard E. Kirk, Esq.
Ashley Blake Stitzer, Esq.
The Bayard Firm
222 Delaware Avenue
Suite 900
P.O. Box 25130
Wilmington, DE 19899
rkirk@bayardfirm.com
astitzer@bayardfirm.com

**BY CM-ECF, EMAIL AND HAND DELIVERY**

John W. Shaw, Esq.
Karen L. Pascale, Esq.
Young Conaway Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
jshaw@ycst.com
kpascale@ycst.com

_____
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com