IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AU OPTRONICS CORPORATION,<br><br>Plaintiff,<br>v.<br><br>LG. PHILIPS LCD CO., LTD. and<br>LG. PHILIPS LCD AMERICA, INC.<br><br>Defendants. | § § § § § § § § § § § § | C.A. No. 07-357-JJF<br><br>JURY TRIAL DEMANDED |
| LG. PHILIPS LCD CO., LTD. and<br>LG. PHILIPS LCD AMERICA, INC.<br><br>Counterclaim Plaintiffs,<br>v.<br><br>AU OPTRONICS CORPORATION;<br>AU OPTRONICS CORPORATION<br>AMERICA; CHI MEI OPTOELECTRONICS<br>CORPORATION; and CHI MEI<br>OPTOELECTRONICS USA, INC.,<br><br>Counterclaim Defendants. | § § § § § § § § § § § § § § § | JURY TRIAL DEMANDED |

**AU OPTRONICS CORPORATION AMERICA'S FIRST AMENDED REPLY
TO LG.PHILIPS LCD CO. LTD.'S COUNTERCLAIMS
AND COUNTERCLAIMS AGAINST LG.PHILIPS LCD CO. LTD.**

Plaintiff AU OPTRONICS CORPORATION AMERICA ("AUOA") hereby replies to LG.Philips LCD Co. Ltd.'s ("LPL") counterclaims filed on or on about June 11, 2007, asserts affirmative defenses to those claims, and asserts counterclaims against LPL.

### REPLY TO COUNTERCLAIMS

1. With regard to paragraph 23, AUOA denies that LPL is entitled to any relief by virtue of its counterclaims.

2. AUOA is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 24 and therefore denies them.

3. AUOA is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 25 and therefore denies them.

4. AUOA admits that AUO is a Taiwanese corporation, and it has a place of business at No. 1, LI-Hsin Road 2, Hsinchu Science Park, Hsinchu Taiwan, R.O.C., and that it manufactures LCD products. AUOA further avers that the remaining allegations in paragraph 26 contain characterizations and generalizations in violation of Fed. R. Civ. P. 8's requirement that "[e]ach averment of a pleading shall be simple, concise, and direct," and otherwise denies such allegations.

5. AUOA admits that it is a California corporation, and it has a place of business at 1800 Wyatt Drive, Suite 7, Santa Clara, CA 35054. AUOA further avers that the remaining allegations in paragraph 26 contain characterizations and generalizations in violation of Fed. R. Civ. P. 8's requirement that "[e]ach averment of a pleading shall be simple, concise, and direct," and otherwise denies such allegations.

6. AUOA is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 28 and therefore denies them.

7. AUOA is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 29 and therefore denies them.

8. AUOA is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 30 and therefore denies them.

9. AUOA admits the allegations of paragraph 31.

10. AUOA admits that LPL's Counterclaims purport to set forth claims arising under the patent laws of the United States (Title 35 of the United States Code). AUOA is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 32 and therefore denies them.

11. AUOA admits that LPL's Counterclaims purport to set forth a declaratory judgment claim under 28 U.S.C. §§ 2201 and 2202, and under the patent laws of the United States (Title 35 of the United States Code). AUOA is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 33 and therefore denies them.

12. AUOA understands that paragraph 34 references LPL's patent infringement claims, and on that basis, subject matter jurisdiction is proper over LPL's patent infringement claims against AUOA under 28 U.S.C. § 1331 and 1338(a).

13. AUOA understands paragraph 35 to refer to subject matter jurisdiction. AUOA is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 35 and therefore denies them.

14. AUOA is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 36 and therefore denies them.

15. AUOA is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 37 and therefore denies them.

16. AUOA denies the allegations of paragraph 38 that are directed at AUOA. AUOA is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 38 and therefore denies them.

## THE PATENTS-IN-SUIT

17. AUOA admits that the '274 Patent appears to be entitled "Thin-Film Transistor And Method Of Making Same." AUOA denies that the '274 Patent was duly and legally issued. AUOA is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 39 and therefore denies them.

18. AUOA admits that the '321 Patent appears to be entitled "Thin-Film Transistor And Method Of Making Same." AUOA denies that the '321 Patent was duly and legally issued. AUOA is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 40 and therefore denies them.

19. AUOA admits that the '489 Patent appears to be entitled "Thin-Film Transistor And Method Of Making Same." AUOA denies that the '489 Patent was duly and legally issued. AUOA is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 41 and therefore denies them.

20. AUOA is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 42 and therefore denies them.

21. AUOA denies the allegations of paragraph 43 that are directed at AUOA. AUOA is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 43 and therefore denies them.

## COUNT I

22. AUOA refers to and incorporates herein its responses to paragraphs 23-43 above.

23. AUOA denies the allegations in paragraph 45 that are directed to AUOA. As to the remaining allegations in paragraph 45 that are directed to the co-defendants in this action,

4

AUOA is without sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies them.

24. AUOA denies the allegations in paragraph 46 that are directed to AUOA. As to the remaining allegations in paragraph 46 that are directed to the co-defendants in this action, AUOA is without sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies them.

25. AUOA denies the allegations in paragraph 47 that are directed to AUOA. As to the remaining allegations in paragraph 47 that are directed to the co-defendants in this action, AUOA is without sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies them.

26. AUOA denies the allegations in paragraph 48 that are directed to AUOA. As to the remaining allegations in paragraph 48 that are directed to the co-defendants in this action, AUOA is without sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies them.

## COUNT II

27. AUOA refers to and incorporates herein its responses to paragraphs 23-48 above.

28. AUOA denies the allegations in paragraph 50 that are directed to AUOA. As to the remaining allegations in paragraph 50 that are directed to the co-defendants in this action, AUOA is without sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies them.

29. AUOA denies the allegations in paragraph 51 that are directed to AUOA. As to the remaining allegations in paragraph 51 that are directed to the co-defendants in this action,

AUOA is without sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies them.

30. AUOA denies the allegations in paragraph 52 that are directed to AUOA. As to the remaining allegations in paragraph 52 that are directed to the co-defendants in this action, AUOA is without sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies them.

31. AUOA denies the allegations in paragraph 53 that are directed to AUOA. As to the remaining allegations in paragraph 53 that are directed to the co-defendants in this action, AUOA is without sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies them.

## COUNT III

32. AUOA refers to and incorporates herein its responses to paragraphs 23-53 above.

33. AUOA denies the allegations in paragraph 55 that are directed to AUOA. As to the remaining allegations in paragraph 55 that are directed to the co-defendants in this action, AUOA is without sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies them.

34. AUOA denies the allegations in paragraph 56 that are directed to AUOA. As to the remaining allegations in paragraph 56 that are directed to the co-defendants in this action, AUOA is without sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies them.

35. AUOA denies the allegations in paragraph 57 that are directed to AUOA. As to the remaining allegations in paragraph 57 that are directed to the co-defendants in this action,

AUOA is without sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies them.

36. AUOA denies the allegations in paragraph 58 that are directed to AUOA. As to the remaining allegations in paragraph 58 that are directed to the co-defendants in this action, AUOA is without sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies them.

## COUNT IV

37. Count IV and paragraphs 59 to 64 are not directed at AUOA, so no response is required.

## COUNT V

38. Count V and paragraphs 65 to 69 are not directed at AUOA, so no response is required.

## AFFIRMATIVE DEFENSES

Without conceding that any of the following necessarily must be pleaded as an affirmative defense, or that any of the following are not already at issue by virtue of the foregoing denials, and without prejudice to AUOA's right to plead additional defenses as discovery into the facts of the matter warrants, AUOA hereby asserts the following affirmative defenses.

### First Affirmative Defense

39. As a First and Separate Affirmative Defense to LPL's Counterclaims, AUOA alleges that the Amended Complaint fails to state a claim upon which relief may be granted and fails to set forth facts sufficient to state a claim for relief against AUOA.

### Second Affirmative Defense

40. As a Second and Separate Affirmative Defense to LPL's Counterclaims, AUOA alleges that its products and processes have not infringed, are not now infringing, and are not threatening to infringe upon any valid and enforceable claim of the '274 Patent, the '321 Patent, and/or the '737 Patent, either literally or under the doctrine of equivalents.

### Third Affirmative Defense

41. As a Third and Separate Affirmative Defense to LPL's Counterclaims, AUOA alleges that it has neither directly or indirectly contributed to the infringement of, nor induced another to infringe the '274 Patent, the '321 Patent, and/or the '489 Patent.

### Fourth Affirmative Defense

42. As a Fourth and Separate Affirmative Defense to LPL's Counterclaims, AUOA alleges that the '274 Patent, the '321 Patent, and/or the '489 Patent are invalid for failure to comply with one, or more, of the requirements of 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

### Fifth Affirmative Defense

43. As a Fifth and Separate Affirmative Defense to LPL's Counterclaims, AUOA alleges that LPL's claims are barred by the equitable doctrine of laches and/or estoppel.

### Sixth Affirmative Defense

44. As a Sixth and Separate Affirmative Defense to LPL's Counterclaims, AUOA alleges that LPL is precluded from construing such patents to cover AUOA's conduct and/or products, and is further estopped from asserting infringement under the doctrine of equivalents, on the basis of the statements made during the prosecution of one or more of the '274 Patent, the '321 Patent, and/or the '489 Patent..

### Seventh Affirmative Defense

45. As a Seventh and Separate Affirmative Defense to LPL's Counterclaims, AUOA alleges that Plaintiff's damages are barred and/or limited by the provisions of 35 U.S.C. § 271, 286 and/or 287.

### Eighth Affirmative Defense

46. As an Eighth and Separate Affirmative Defense to LPL's Counterclaims, AUOA alleges that the '274 Patent, the '321 Patent, and/or the '489 Patent are unenforceable due to inequitable conduct, including, but not limited to, the allegations set forth in Counterclaim Three below, which are incorporated by reference herein.

## ADDITIONAL COUNTERCLAIMS AGAINST LG.PHILIPS LCD CO., LTD.

By these Counterclaims and pursuant to Rules 12 and/or 13 of the Federal Rules of Civil Procedure, Plaintiff/Counterclaimant AU Optronics Corporation America ("AUOA") seeks declaratory relief with respect to LPL's patent counterclaims.

### THE COUNTERCLAIM PARTIES

47. Plaintiff and Counterclaimant AU Optronics Corporation America ("AUOA") is a corporation organized and existing under the laws of the California, with its principle place of business located in San Jose, California.

48. Defendant LG.Philips LCD Co., Ltd. ("LPL") alleges that it is a corporation organized and existing under the laws of the Republic of Korea, having its principal place of business at Seoul, Korea.

49. LPL claims to be the owner by assignment of United States Patent No. 5,905,274 ("the '274 Patent"), United States Patent No. 6,815,321 ("the '321 Patent"), and United States Patent No, 7,176,489 ("the '489 Patent") (collectively "the "LPL Patents").

50. These Counterclaims are based upon and arise under the Patent Laws of the United States, 35 U.S.C. § 100, *et seq.*, and in particular §§ 271, 281, 283, 284 and 285.

51. Additionally, these Counterclaims are under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Patent Laws of the United States, based upon an actual controversy between LPL and AUOA regarding the validity and claims of the LPL Patents, and is intended to provide appropriate and necessary declaratory relief.

## JURISDICTION AND VENUE

52. This Court has jurisdiction over these Counterclaims under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, under the laws of the United States concerning actions relating to patents, 28 U.S.C. § 1338(a), and under 28 U.S.C. § 1331.

53. This court has personal jurisdiction and venue over LPL because, *inter alia*, LPL submitted itself to the jurisdiction of this Court.

## Counterclaim Count One

### (Declaratory Judgment of Invalidity of the '274 Patent, the '321 Patent, and the '489 Patent)

54. AUOA hereby incorporates paragraphs 47-53 above as though fully set forth herein.

55. LPL has accused AUOA of infringing the LPL Patents by filing its counterclaims in this action. As such, there is substantial controversy between the parties having adverse legal interests.

56. Claims of the '274 Patent are invalid for failure to satisfy one or more of the requirements for patentability set forth in Title 35 of the United States Code.

57. Claims of the '321 Patent are invalid for failure to satisfy one or more of the requirements for patentability set forth in Title 35 of the United States Code.

58. Claims of the '489 Patent are invalid for failure to satisfy one or more of the requirements for patentability set forth in Title 35 of the United States Code.

59. Because LPL has asserted the LPL Patents against AUOA, thereby creating an actual controversy, declaratory relief is both appropriate and necessary to establish that one or more of the claims of the '274, Patent, the '321 Patent, and the '489 Patent are invalid.

**Counterclaim Count Two**

**(Declaratory Judgment of Non-Infringement of the '274 Patent, the '321 Patent, and the '489 Patent)**

60. AUOA hereby incorporates paragraphs 47 - 59 above as though fully set forth herein.

61. AUOA has not infringed and does not infringe any claim of the '274 Patent, either literally or under the doctrine of equivalents.

62. AUOA has not infringed and does not infringe any claim of the '321 Patent, either literally or under the doctrine of equivalents.

63. AUOA has not infringed and does not infringe any claim of the '489 Patent, either literally or under the doctrine of equivalents.

64. Because LPL maintains that AUOA infringes the LPL Patents, thereby creating an actual controversy, a declaration of rights between LPL and AUOA is both appropriate and necessary to establish that LPL has not infringed and does not infringe any claim of the '781 Patent, the '160 Patent, or the '629 Patent.

**Counterclaim Count Three**

**(Declaratory Judgment of Unenforceability of the '274 Patent, the '321 Patent, and the '489 Patent)**

65. AUOA hereby incorporates paragraphs 56-65 and 78-88 above as though fully set forth herein.

11

66. The LPL Patents relate to a thin film transistor having a double-layered metal gate structure and relate to a method of making such a double-layered gate structure. The three LPL Patents, the '274 Patent, the '321 Patent, and the '489 Patent, share the same specification.

67. The inventor Hyun-Sik Seo, the inventor Byung-Chul Ahn, and the prosecution counsel at Birch, Stewart, Kolasch and Birch, LLP, knew of prior art references disclosing a thin film transistor having a double-layered metal gate that is the same or similar to the claimed double-layered metal gate of the LPL Patents, as well as the method of making such a double-layered metal gate, and, on information and belief, willfully and with the intent to deceive the U.S. Patent and Trademark Office ("USPTO"), refrained from disclosing such references to the USPTO. Such prior art references include, but are not limited to, U.S. Patent No. 6,235,561 that was issued on May 22, 2001 (the "Seiki Reference"), and its parent U.S. Patent No. 5,811,835 that was issued on September 22, 1998.

68. On information and belief, Inventor Seo, Inventor Ahn, and the prosecution counsel knew of the teachings of the Seiki Reference before filing, or during the prosecution of, the applications for the LPL Patents. Inventor Seo, Inventor Ahn, and the prosecution counsel at Birch, Stewart, Kolasch & Birch, LLP filed, on October 25, 2001, an application that became U.S. Patent No. 6,573,127 (the "'127 Patent") with the USPTO. The '127 Patent discloses the same or similar double-layered metal gate as the LPL Patents. During the prosecution of the '127 Patent, the Examiner issued an office action on or about August 14, 2002, citing and discussing in detail the Seiki Reference. The August 14, 2002 date of this office action predates the filing dates of the '489 Patent and the '321 Patent.

69. The Seiki reference and its teachings were highly material to the patentability of the LPL Patents during their prosecution. On information and belief, the Seiki Reference would

12

have been viewed as important by a reasonable examiner. The Seiki reference is not cumulative of other art of record in the applications for the LPL Patents. The Seiki Reference, alone or in combination with the other prior art references of record, would: i) establish a prima facie case of unpatentability of one or more claims of each of the LPL Patents; and/or ii) refute or is inconsistent with the arguments made during the prosecution of the LPL Patents in favor of their patentability. On information and belief, Inventor Seo, Inventor Ahn, and the prosecution counsel knew, or should have known, the high materiality of the Seiki Reference.

70.     On information and belief, Inventor Seo, Inventor Ahn and the prosecution counsel knew of material information relating to and arising from the Examiner's rejections of claims that are substantially similar to the issued claims of the LPL Patents, and, willfully and with the intent to deceive the USPTO, refrained from disclosing such material information to the USPTO.

71.     The original claim 1 of the '274 Patent, as presented in the application that was filed on or about August 27, 1997, is substantially similar to claim 1 of the '489 Patent as issued.

72.     The original of claim 1 of the '274 Patent, as presented in the application that was filed on or about August 27, 1997, contains a number of limitations that are substantially similar to the limitations recited in the claims of the '321 Patent as issued.

73.     During the prosecution of the '274 Patent, the Examiner rejected the original claim 1 of the '274 Patent in view of U.S. Patent No. 5,156,986 (the "Wei Reference"), setting forth his rejections and reasoning in an Office Action as to how the Wei Reference renders the original claim1 invalid. The applicant amended the original claims to overcome the Examiner's rejections.

74. On information and belief, Inventor Seo, Inventor Ahn, and the prosecution counsel, before and/or during the prosecution of the '489 Patent and the '321 Patent, knew of the prosecution history relating to claim 1 of the '274 Patent. The rejected claim is substantially similar to the claims pending before the Examiner for the '489 Patent. The rejected claim also includes various limitations that are substantially similar to the limitations in claims pending before the Examiner for the '321 Patent. After learning of the Examiner's rejections, Inventor Seo, Inventor Ahn, and the prosecution counsel filed the '489 and '321 Patents and continued to prosecute them without disclosing these rejections. Inventor Seo, Inventor Ahn, and the prosecution counsel knew, or should have known, of the high materiality of these rejections to the patentability of the '489 Patent and '321 Patent.

75. On information and belief, Inventors Seo and Ahn filed U.S. Application No. 09/243,556 on or about February 2, 1999 (the "'556 Application"), which was issued on January 22, 2002 as U.S. Patent No. 6,340,610 (the "610 Patent"). The original claim 9 of the '556 Application, which eventually issued as claim 1 of the '610 Patent, contains various limitations that are substantially similar to those in the independent claims of the '321 and '489 Patents as issued.

76. During the prosecution of the '556 Application, the Examiner rejected the original claim 9 in separate office actions (dated September 6, 2000 and March 29, 2001) in view of various prior art references, including, but not limited to, GB2253742A, JP 05-315615, IBM Technical Disclosure Bulletin. The Examiner set forth in these office actions his rejections and reasoning as to how these references render the original claim 9 invalid. The applicant amended the original claim 9 to overcome the Examiner's rejections.

77. On information and belief, Inventor Seo, Inventor Ahn, and the prosecution counsel, before and/or during the prosecution of the '489 Patent and the '321 Patent, knew of the prosecution history relating to claim 9 of '556 Application. The rejected claim contain limitations that are substantially similar to the claims pending before the Examiner for the '489 Patent and the '321 Patent. Inventor Seo, Inventor Ahn, and the prosecution counsel filed the application for the '489 Patent and the '321 Patent, and continued the prosecution without disclosing these rejections raised by the Examiner during the prosecution of the '556 Application. Inventor Seo, Inventor Ahn, and the prosecution counsel knew, or should have known, the high materiality of these rejections to the patentability of the '489 Patent and '321 Patent.

78. An actual and justiciable controversy exists between the parties as to the enforceability of the '274 Patent, the '321 Patent, and/or the '489 Patent. Declaratory relief is both appropriate and necessary to establish that the '274, Patent, the '321 Patent, and/or the '489 Patent are unenforceable.

79. Because Inventor Hyun-Sik Seo, Inventor Byung-Chul Ahn, and/or the prosecution counsel at Birch, Stweart, Kolasch and Birch, LLP failed to disclose material prior art and/or material information to the USPTO with the intent to deceive the USPTO during the prosecution of the LPL Patents, the '274 Patent, the '321 Patent, and/or the '489 Patent are unenforceable due to inequitable conduct. AUOA is entitled to a judicial declaration that the '274 Patent, the '321 Patent, and/or the '489 Patent are unenforceable.

## EXCEPTIONAL CASE

80. This is an exceptional case under 35 U.S.C. § 285 and, as such, Plaintiff/Counterclaimant AUOA is entitled to recover from LPL the attorneys' fees and costs incurred in connection with this action.

## PRAYER FOR RELIEF

**WHEREFORE**, AUOA respectfully requests that the Court:

A. Dismiss LPL's Counterclaims with prejudice;

B. Enter judgment in favor of AUOA and declare that each of the claims of the '274 Patent, '321 Patent, and '489 Patent are invalid;

C. Enter judgment in favor of AUOA and declare that AUOA has not infringed any claim of the '274 Patent, the '321 Patent, and '489 Patent either literally or under the doctrine of equivalents;

D. Declare that this is an exceptional case under 35 U.S.C. § 285 and award to AUOA its attorneys' fees and costs; and

E. Grant such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, AU OPTRONICS CORPORATION AMERICA respectfully demands a trial by jury on all issues so triable in this action..

16

July 10, 2007

YOUNG CONAWAY STARGATT & TAYLOR LLP

*/s/ Karen L. Pascale*

Richard H. Morse (#531) [rmorse@ycst.com]
John W. Shaw (#3362) [jshaw@ycst.com]
Karen L. Pascale (#2903) [kpascale@ycst.com]
The Brandywine Building
1000 West St., 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6600
*Attorneys for Counterclaimant
AU Optronics Corporation America*

OF COUNSEL:

PAUL HASTINGS JANOFSKY & WALKER LLP
Vincent K. Yip
Terry D. Garnett
Peter J. Wied
Jay C. Chiu
Hua Chen
515 South Flower Street, 25th Floor
Los Angeles, CA 90071
Telephone: (213) 683-6000

- and -

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
Ron E. Shulman
Julie M. Holloway
650 Page Mill Road
Palo Alto, California 94304-1050
Telephone: (650) 493-9300

M. Craig Tyler
Brian D. Range
8911 Capital of Texas Highway North
Westech 360, Suite 3350
Austin, Texas 78759-8497
Telephone: (512) 338-5400

17

## CERTIFICATE OF SERVICE

I, Karen L. Pascale, Esquire, hereby certify that on July 10, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Richard D. Kirk [rkirk@bayardfirm.com]
>Ashley B. Stitzer [astitzer@bayardfirm.com]
>THE BAYARD FIRM
>222 Delaware Avenue, Suite 900
>P.O. Box. 25130
>Wilmington, DE 19899-5130
>(302) 655-5000
>   *Attorneys for LG.Philips LCD Co., Ltd. and LG.Philips LCD America, Inc.*

>Philip A. Rovner [provner@potteranderson.com]
>David E. Moore [dmoore@potteranderson.com]
>POTTER, ANDERSON & CORROON
>6th Floor, Hercules Plaza
>1313 N. Market Street
>Wilmington, DE 19801
>   *Attorneys for Chi Mei Optoelectronics Corporation*

I further certify that I caused a copy of the foregoing document to be served by e-mail and hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

>### *By E-mail*
>
>Gaspare J. Bono [gbono@mckennalong.com]
>Matthew T. Bailey [mbailey@mckennalong.com]
>R. Tyler Goodwyn, IV [tgoodwyn@mckennalong.com]
>Lora A. Brzezynski [lbrzezynski@mckennalong.com]
>Cass W. Christenson [cchristenson@mckennalong.com]
>MCKENNA LONG & ALDRIDGE LLP
>1900 K Street, NW
>Washington, DC 20006
>(202) 496-7500
>   *Attorneys for LG.Philips LCD Co., Ltd. and LG.Philips LCD America, Inc.*

>Kenneth R. Adamo [kradamo@jonesday.com]
>Robert C. Kahrl [rckahrl@jonesday.com]
>Arthur P. Licygiewicz [aplicygiewicz@jonesday.com]
>JONES DAY
>North Point
>901 Lakeside Avenue
>Cleveland, OH  44114-1190
>(216) 586-3939
>   *Attorneys for Chi Mei Optoelectronics Corporation*

|  |  |
|---|---|
| July 10, 2007 | YOUNG CONAWAY STARGATT & TAYLOR LLP<br><br>/s/ *Karen L. Pascale*<br>_____<br>Richard H. Morse (#531) *[rmorse@ycst.com]*<br>John W. Shaw (No. 3362) *[jshaw@ycst.com]*<br>Karen L. Pascale (No. 2903) *[kpascale@ycst.com]*<br>The Brandywine Building<br>1000 West St., 17th Floor<br>P.O. Box 391<br>Wilmington, Delaware 19899-0391<br>Phone: 302-571-6600<br>    *Attorneys for AU Optronics Corporation America* |