UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| AU OPTRONICS CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>LG.PHILIPS LCD CO., LTD. and<br>LG.PHILIPS LCD AMERICA, INC.,<br><br>Defendants. | Civil Action No. 07-357-JJF<br><br>**JURY TRIAL DEMANDED** |
| LG.PHILIPS LCD CO., LTD. and<br>LG.PHILIPS LCD AMERICA, INC.,<br><br>Counterclaim Plaintiffs,<br><br>v.<br><br>AU OPTRONICS CORPORATION;<br>AU OPTRONICS CORPORATION<br>AMERICA; CHI MEI OPTOELECTRONICS<br>CORPORATION; and CHI MEI<br>OPTOELECTRONICS USA, INC.,<br><br>Counterclaim Defendants. | **JURY TRIAL DEMANDED** |

**LG.PHILIPS LCD AMERICA INC.'S ANSWER TO AU OPTRONICS
CORPORATION'S COUNTERCLAIMS**

Defendant LG.Philips LCD America, Inc.. ("LPLA"), by and through its undersigned counsel, hereby files its Answer in Response to the Counterclaims of Plaintiff AU Optronics Corporation ("Plaintiff" or "AUO"), in the above titled action, filed on or about June 21, 2007 and asserts affirmative defenses to those claims. A jury trial is demanded for all claims so triable.

## RESPONSE TO THE COUNTERCLAIM PARTIES

1. LPLA admits the allegations of paragraph 21 of the Counterclaims.

2. LPLA lacks knowledge or information sufficient to admit or deny the allegations of paragraph 22 of the Counterclaims and therefore denies them.

3. LPLA admits the allegations of paragraph 23 of the Counterclaims.

4. LPLA denies the allegations of paragraph 24 of the Counterclaims.

5. LPLA admits that AUO purports to set forth claims under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, but otherwise denies the allegations of paragraph 25.

## RESPONSE TO JURISDICTION AND VENUE

6. LPLA admits the allegations of paragraph 26 of the Counterclaims.

7. LPLA admits the allegations of paragraph 27 of the Counterclaims.

## RESPONSE TO COUNTERCLAIM COUNT ONE

8. LPLA admits that Exhibit A to the Counterclaims purports to be a copy of United States Patent No. 6,734,944, entitled "Liquid Crystal Display" ("the '944 patent"), but LPLA lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 28 of the Counterclaims, and therefore denies them.

9. LPLA denies the allegations in paragraph 29 of the Counterclaims.

10. LPLA denies the allegations in paragraph 30 of the Counterclaims.

11. LPLA denies the allegations in paragraph 31 of the Counterclaims.

## RESPONSE TO COUNTERCLAIM COUNT TWO

12. LPLA admits that Exhibit B to the Counterclaims purports to be a copy of United States Patent No. 7,125,157, entitled "Backlight Unit and Liquid Crystal Display Utilizing the Same" ("the '157 patent"), but LPLA lacks knowledge or information

sufficient to admit or deny the remaining allegations of paragraph 32 of the Counterclaims, and therefore denies them.

13. LPLA denies the allegations in paragraph 33 of the Counterclaims.

14. LPLA denies the allegations in paragraph 34 of the Counterclaims.

15. LPLA denies the allegations in paragraph 35 of the Counterclaims.

### RESPONSE TO COUNTERCLAIM COUNT THREE

16. LPLA admits that Exhibit C to the Counterclaims purports to be a copy of United States Patent No. 7,090,506, entitled "Signal Transmission Device Having Flexible Printed Circuit Boards" ("the '506 patent"), but LPLA lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 36 of the Counterclaims, and therefore denies them.

17. LPLA denies the allegations in paragraph 37 of the Counterclaims.

18. LPLA denies the allegations in paragraph 38 of the Counterclaims.

19. LPLA denies the allegations in paragraph 39 of the Counterclaims.

### RESPONSE TO EXCEPTIONAL CASE

20. LPLA denies the allegations in paragraph 40 of the Counterclaims.

### RESPONSE TO PRAYER FOR RELIEF

As to paragraphs A through H of the Prayer For Relief, LPLA denies that AUO is entitled to the requested relief.

### AFFIRMATIVE DEFENSES

Without conceding that any of the following necessarily must be pleaded as an affirmative defense, or that any of the following are not already at issue by virtue of the foregoing denials, and without prejudice to LPLA's right to plead additional defenses as

discovery into the facts of the matter warrants, LPLA hereby asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

21. AUO has failed to state a claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

22. LPLA's products have not infringed and do not infringe any claim of the Asserted AUO Patents, either literally or under the doctrine of equivalents.

### THIRD AFFIRMATIVE DEFENSE

23. LPLA has not directly or indirectly contributed to infringement of, nor induced another to infringe the Asserted AUO Patents.

### FOURTH AFFIRMATIVE DEFENSE

24. One or more claims of the Asserted AUO Patents are invalid for failing to meet one or more of the requisite conditions or requirements for patentability specified by 35 U.S.C. §§ 101, 102, 103, and/or 112.

### FIFTH AFFIRMATIVE DEFENSE

25. Pursuant to 35 U.S.C. § 287(b), LPLA is not liable for damages for infringement under any section of 35 U.S.C. § 271 before receiving notice of AUO's allegations of infringement in this action.

### SIXTH AFFIRMATIVE DEFENSE

26. AUO's claims are barred, in whole or in part, because of the affirmative defense of license.

664728-1

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, LG.Philips LCD America, Inc. respectfully demands a trial by jury on all issues so triable in this action.

July 11, 2007

THE BAYARD FIRM

<u>/s/ Richard D. Kirk (rk0922)</u>
Richard D. Kirk
Ashley B. Stitzer
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
(302) 655-5000
Attorneys for Defendant/Counterclaim-Plaintiff LG.Philips LCD Co., Ltd.

OF COUNSEL:

Gaspare J. Bono
R. Tyler Goodwyn
Lora A. Brzezynski
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, D.C. 20006
(202) 496-7500

# CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on July 11, 2007, he served the foregoing documents by email and by hand upon the following counsel:

Edmond D. Johnson
Thomas H. Kovach
Pepper Hamilton LLP
1313 Market Street, Suite 5100
PO Box 1709
Wilmington, DE 19899-1709

Karen L. Pascale
John W. Shaw
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391

Philip A. Rovner
Dave E. Moore
Potter Anderson & Corroon LLP
1313 North Market Street
Wilmington, DE 19899-0951

William E. Manning
Jennifer M. Becnel-Guzzo
Buchanan Ingersoll & Rooney
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, DE 19801

The undersigned counsel further certifies that, on July 11, 2007, he served the foregoing documents by email and by U.S. Mail upon the following counsel:

John N. Zarian
Samia McCall
Matthew D. Thayne
J. Walter Sinclair
Stoel Rives LLP
101 S. Capitol Blvd., Suite 1900
Boise, ID 83702

Vincent K. Yip
Peter J. Wied
Jay C. Chiu
Paul, Hastings, Janofsky & Walker LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA 90071

Kenneth R. Adamo
Robert C. Kahrl
Arthur P. Licygiewicz
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190

Bryan J. Sinclair
Karineh Khachatourian
Buchanan Ingersoll & Rooney
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418

/s/ Richard D. Kirk, (rk0922)
Richard D. Kirk

656846-1