UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| AU OPTRONICS CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>LG.PHILIPS LCD CO., LTD. and<br>LG.PHILIPS LCD AMERICA, INC.,<br><br>Defendants. | Civil Action No. 07-CV-357-JJF |
| LG.PHILIPS LCD CO., LTD. and<br>LG.PHILIPS LCD AMERICA, INC.,<br><br>Counterclaim Plaintiffs,<br><br>v.<br><br>AU OPTRONICS CORPORATION; AU<br>OPTRONICS CORPORATION OF<br>AMERICA; CHI MEI OPTOELECTRONICS<br>CORPORATION; AND CHI MEI<br>OPTOELECTRONICS USA, INC.,<br><br>Counterclaim Defendants. | |

**LG.PHILIPS LCD CO., LTD. AND LG.PHILIPS LCD AMERICA, INC.'S
ANSWERING BRIEF IN OPPOSITION TO CHI MEI OPTOELECTRONICS
CORPORATION'S MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION AND FOR INSUFFICIENCY OF SERVICE OF PROCESS**

OF COUNSEL:
Gaspare J. Bono
Song K. Jung
R. Tyler Goodwyn, IV
Lora A. Brzezynski
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
(202) 496-7500

THE BAYARD FIRM
 Richard D. Kirk
Ashley B. Stitzer
222 Delaware Avenue, 9th Floor
P.O. Box 25130
Wilmington, DE 19899-5130
(302) 655-5000

Attorneys for Defendants and Counterclaim
Plaintiffs LG.Philips LCD Co., Ltd. and LG.Philips
LCD America, Inc.

665297-1

## TABLE OF CONTENTS

**Page**

NATURE AND STAGE OF THE PROCEEDINGS ....................................................... 1
SUMMARY OF ARGUMENT ................................................................................... 2
STATEMENT OF FACTS ........................................................................................... 3
ARGUMENT ................................................................................................................ 3
I.    CMO'S MOTION SHOULD BE DENIED BECAUSE THIS COURT MAY PROPERLY EXERCISE JURISDICTION OVER CMO, AND LPL'S SERVICE OF PROCESS ON CMO WAS EFFECTIVE AND PROPER ............................................................................................................ 3
CONCLUSION ............................................................................................................. 4

# TABLE OF AUTHORITIES

**Page**

### Cases

*Commissariat à l'Energie Atomique v. Chi Mei Optoelectronics Corp.*,
   395 F.3d 1315 (Fed. Cir. 2005) .................................................................................. 2

### Statutes and Rules

Fed. R. Civ. P. 4(f)(3) .................................................................................................... 3

10 Del. C. § 3104 ....................................................................................................... 2, 3

## NATURE AND STAGE OF THE PROCEEDINGS

On December 1, 2006, LG.Philips LCD Co., Ltd. ("LPL") filed a Complaint for Patent Infringement against Defendants Chi Mei Optoelectronics Corporation ("CMO"); AU Optronics Corporation ("AUO"); AU Optronics Corporation America ("AUO America"); Tatung Company; Tatung Company of America, Inc.; and ViewSonic Corporation alleging infringement of three of LPL's United States patents in Case No. 06-726-GMS (the Honorable Gregory M. Sleet presiding) (the "Delaware Case"). (D.I. 1.) On April 6, 2007 CMO filed a Motion to Dismiss for Lack of Personal Jurisdiction and Insufficiency of Service of Process. (D.I. 19.) LPL filed its answering brief in response to CMO's motion to dismiss on May 22, 2007 (D.I. 57) and, on that date, also filed a First Amended Complaint against CMO, which added Chi Mei Optoelectronics USA, Inc. ("CMO USA") as a defendant. (D.I. 54.)

On March 8, 2007, AUO filed an infringement action regarding patents directed at LCD technology in the Western District of Wisconsin (the Honorable John C. Shabaz presiding) against LPL and its subsidiary, LG.Philips LCD America, Inc. ("LPLA"). LPL responded on April 16, 2007 by filing a motion to transfer the Wisconsin case to Delaware, which was granted on May 30, 2007. (*See* D.I. 109, Ex. 1 in the Delaware Case.) On June 11, 2007, LPL filed an Answer and Counterclaims against AUO, AUO America, CMO, and CMO USA in the case that was transferred to Delaware. (D.I. 72-73.) As it did in April 2007, CMO filed a motion to dismiss for lack of personal jurisdiction and insufficiency of service of process in response to LPL's Counterclaims. (D.I. 89.)

On June 26, 2007, AUO, AUO America, LPL, and LPLA jointly moved to consolidate the instant case with the Delaware Case. (D.I. 90.) CMO did not object to

665297-1

that motion. (*See id*. (Local Rule 7.1.1 Statement).) That motion is pending before the Court.

## SUMMARY OF ARGUMENT

1. CMO's motion to dismiss for lack of personal jurisdiction should be dismissed for the same grounds raised by LPL in its opposition brief and supporting declarations filed on May 22, 2007 in the Delaware case. That is, CMO regularly does business in Delaware and engages in a persistent course of conduct in the state, CMO is part of an established distribution channel designed to serve and benefit from the U.S. markets, including the Delaware market, and CMO derives substantial revenues from goods sold in Delaware. The overwhelming evidence of personal jurisdiction over CMO conclusively establishes that the Delaware long arm statute reaches CMO and the exercise of jurisdiction comports with due process. Significantly, CMO ignores Federal Circuit precedent that already found that there has been "a prima facie case for CMO's use of an established distribution network that likely results in substantial sales of its products in Delaware." *Commissariat à l'Energie Atomique v. Chi Mei Optoelectronics Corp.*, 395 F.3d 1315, 1323 (Fed. Cir. 2005).

2. CMO's motion to dismiss for insufficiency of service of process should also be denied for the same reasons stated in LPL's opposition filed on May 22, 2007. LPL's service of the Summons and Counterclaims on CMO by serving the Secretary of State of Delaware is proper and effective under 10 Del. C. § 3104 because CMO is subject to personal jurisdiction in Delaware and has no registered agent in this state.

665297-1

## STATEMENT OF FACTS

LPL incorporates by reference herein the Statement of Facts set forth in its Answering Brief in opposition to CMO's motion to dismiss in the Delaware Case (D.I. 57).

## ARGUMENT

**I.  CMO'S MOTION SHOULD BE DENIED BECAUSE THIS COURT MAY PROPERLY EXERCISE JURISDICTION OVER CMO, AND LPL'S SERVICE OF PROCESS ON CMO WAS EFFECTIVE AND PROPER**

LPL incorporates by reference herein the arguments set forth in its Answering Brief in opposition to CMO's motion to dismiss in the Delaware Case (D.I. 57), as well as the Declaration of Lora A. Brzezynski (D.I. 60), Declaration of Michael R. Tierney, Jr. (D.I. 58), and the Declaration of Lewis W. Hyden, II (D.I. 59). For the reasons set for therein, CMO's motion should be denied. CMO's motion to dismiss for lack of personal jurisdiction lacks all merit, ignores Federal Circuit precedent, and misstates the facts about CMO's extensive contacts with the United States and this forum.

Further, CMO's motion to dismiss for insufficiency of service of process should be denied because service on CMO was proper as served on the Secretary of State. Specifically, under 10 Del. C. § 3104(d), a party can serve a nonresident defendant by serving a copy of the summons and complaint on the Secretary of State if the defendant is subject to personal jurisdiction in Delaware, but has no registered agent in the state. 10 Del. C. § 3104. Because CMO is subject to personal jurisdiction in Delaware, LPL's service on the Secretary of State of the Summons and Counterclaims is valid. Alternatively, this Court should exercise its discretion to find service proper under Fed. R. Civ. P. 4(f)(3).

665297-1

## CONCLUSION

For the foregoing reasons, this Court should deny CMO's motion to dismiss for lack of personal jurisdiction and insufficiency of service of process.

Dated: July 19, 2007

THE BAYARD FIRM

/s/ Ashley B. Stitzer (as3891)
Richard D. Kirk (rk0922)
Ashley B. Stitzer (as3891)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, Delaware 19899-5130
(302) 655-5000
rkirk@bayardfirm.com
astitzer@bayardfirm.com

Attorneys for Defendants and Counterclaim Plaintiffs LG.Philips LCD Co., Ltd. and LG.Philips LCD America, Inc.

OF COUNSEL:

Gaspare J. Bono
Song K. Jung
R. Tyler Goodwyn, IV
Lora A. Brzezynski
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
(202) 496-7500

# CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on July 19, 2007, she served the foregoing documents by email and hand upon the following counsel:

Karen L. Pascale
John W. Shaw
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391


The undersigned counsel further certifies that, on July 19, 2007, copies of the foregoing document was sent by email and U.S. Mail upon the following counsel:

| | |
|---|---|
| Ron E. Shulman, Esquire<br>Steven Baik, Esquire<br>WILSON SONSINI GOODRICH & ROSATI<br>650 Page Mill Road<br>Palo Alto, California 94304-1050 | M. Craig Tyler, Esquire<br>Brian D. Range, Esquire<br>WILSON SONSINI GOODRICH & ROSATI<br>8911 Capital of Texas Highway North<br>Westech 360, Suite 3350<br>Austin, Texas 78759-8497 |

James R. Troupis, Esquire
Paul D. Barbato, Esquire
MICHAEL BEST & FRIEDRICH LLP
One South Pinckney Street
Suite 700
P.O.Box 1806
Madison, WI 53701-1806


/s/ Ashley B. Stitzer (as3891)
Ashley B. Stitzer